EDWARD ANTHONY COONEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooney v. Commissioner
Docket No. 20897-92
United States Tax Court
T.C. Memo 1994-50; 1994 Tax Ct. Memo LEXIS 53; 67 T.C.M. (CCH) 2128; February 9, 1994, Filed *53 An appropriate order denying in part and granting in part respondent's motion for summary judgment will be issued. Edward Anthony Cooney, pro se. For respondent: Carmino J. Santaniello. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Respondent moves pursuant to Rule 121 for an order granting summary judgment in her favor on all issues in this case. [1] Respondent contends that there is no issue of material fact to be resolved, and, accordingly, she is entitled to a decision in her favor as a matter of law. In response to respondent's motion, petitioner alleges in relevant part that 1. Failure to file income tax returns does not in and of itself establish fraud. 2. Absent badges of fraud, proof of which does not exist in this case, summary judgment should not apply, in a conviction under § 26 U.S.C. 7203.
*54 As explained in detail below, we hold that some of the issues in this case are ripe for summary adjudication; we will grant in part and deny in part respondent's motion for summary judgment. The case is before the Court pursuant to a petition filed by Edward Anthony Cooney (petitioner) for a redetermination of respondent's determination of deficiencies in, and additions to, the Federal income taxes for his 1980 through 1987 taxable years. Respondent's determination is reflected in her notice of deficiency issued to petitioner on June 18, 1992. This notice determines, in part, that petitioner is liable for the following amounts: Additions to Tax Sec. Sec.
Sec.
Sec. Sec. Sec.
Year
Defic
6653(b)
6653(b)(1)
6653(b)(2) *6653
6653
6654
iency
(b)(1)(A)
(b)(1)(B)
1980
$ 1,204
1981
$ 29   2,412
$ 367  1982
104
$ 4,564 [1]
879
1983
3,021
11,382
[2]
802
1984
8,823
[3]
792
1985
504
8,102
[4]
899
1986
2,091
$ 17,706
[5]
1,039
1987
30,414
[6]
2,191
*55 Petitioner filed his petition on September 17, 1992; at that time, he resided in Newport, Rhode Island. In his petition, petitioner alleged that respondent erred in all of her determinations of deficiencies in, and additions to, his 1980 through 1987 Federal income taxes. The petition was served on respondent on September 21, 1992. On November 20, 1992, respondent filed her answer to the petition; respondent generally denied petitioner's allegations and alleged affirmatively that petitioner was liable for the above-mentioned additions to tax under section 6653. The answer was served on petitioner on November 17, 1992. On January 12, 1993, respondent filed a motion under Rule 37(c) requesting an order that her affirmative allegations in the answer, regarding the additions to tax for fraud under sections 6653(b), 6653(b)(1) and (2), and 6653(b)(1)(A) and (B), be deemed admitted. [2] On January 13, 1993, the Court served petitioner with a Notice of Filing of Motion for Order Under Rule 37. The Notice provided as follows: You are hereby notified that the respondent on January 12, 1993, filed a motion in the above-entitled case for an order that the specified affirmative allegations *56 in the answer be deemed admitted. If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before February 2, 1993, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.
Petitioner did not file a reply on or before February 2, 1993. Accordingly, on February 11, 1993, the Court granted respondent's motion and ordered that the affirmative allegations in the answer be deemed admitted for purposes of this case. See Rule 37(c); Doncaster v. Commissioner, 77 T.C. 334 (1981). The affirmative allegations in the answer that were deemed admitted pursuant to our order are as follows: (1) During the years in issue, petitioner was a self-employed manufacturers' sales representative doing business under the names E.A. Cooney *57 Sales Company and/or Edward A. Cooney. (2) In connection with this employment, petitioner received the following commission income during the years listed below: Taxable Year
Commission Income
1980
$ 39,770 1981
62,454
1982
80,191
1983
106,720
1984
94,811
1985
93,857
1986
111,033
1987
147,317
(3) Petitioner received the following taxable interest income during the years listed below: [3]
Taxable Year
Taxable Interest Income
1983
$ 563  1984
1,242
1985
217
1986
510
1987
195
(4) During the 1985 through 1987 taxable years, petitioner received dividend income, after exclusions, equal to $ 647 and $ 65, respectively. [4]
*58 (5) Petitioner realized a short-term capital gain of $ 7,231 during the 1985 taxable year. (6) Petitioner had taxable income and tax liabilities for the years in issue in the following amounts: Year
Taxable Income
Tax Liability
1980
$ 12,341 $ 2,407 1981
16,827
4,824
1982
34,032
9,127
1983
73,221
22,764
1984
48,787
17,646
1985
45,099
16,204
1986
61,865
23,608
1987
107,016
40,552
(7) Petitioner failed to maintain complete and adequate books and accounts of his income-producing activities for each of the years in issue. (8) For each of the years in issue, petitioner received sufficient gross income to require him to file a Federal income tax return. (9) Petitioner willfully failed to file timely Federal income tax returns for each of the years in issue. (10) Petitioner filed untimely 1980 through 1985 Federal income tax returns on December 5, 1988. Petitioner filed untimely 1986 and 1987 Federal income tax returns on July 24, 1989. (11) Petitioner did not file his Federal income tax returns for the years in issue until after he was contacted by a special agent of the Internal Revenue Service with respect to his failure to file timely returns for *59 those years. (12) On April 12, 1990, a criminal information was filed against petitioner in the United States District Court for the District of Rhode Island; petitioner was charged with four counts of willful failure to file Federal income tax returns for the 1983 through 1986 taxable years in violation of section 7203. (13) On December 11, 1990, petitioner pled guilty to willfully failing to file Federal income tax returns for the 1985 and 1986 taxable years, in violation of section 7203. (14) Petitioner's failure to maintain complete and accurate records of his income-producing activities for the 1980 through 1987 taxable years was fraudulent and with the intent to evade tax. (15) On his Federal income tax returns for the 1980, 1983, 1984, 1985, and 1986 taxable years, petitioner underreported his gross income in the amounts of $ 10,367, $ 9,790, $ 3,421, $ 2,317, and $ 5,885, respectively. (16) Petitioner failed to make any payments of estimated tax for each of the 1980 through 1986 taxable years. (17) Petitioner was aware of his substantial gross income, taxable income, tax liabilities, and the requirement to file a Federal income tax return for each of the years in issue. *60 (18) Petitioner's failure to file a Federal income tax return and to report his correct taxable income and tax liability for each of the years in issue was fraudulent and with the intent to evade tax. (19) Petitioner's failure to make payments of estimated tax for each of the years in issue was fraudulent and with the intent to evade tax. (20) A part of the underpayment of tax that petitioner was required to show on his Federal income tax returns for each of the years in issue was due to fraud. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A decision on the merits of a taxpayer's claim can be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because the grant of a summary judgment motion is a decision *61 adverse to one party without a trial, we consider such an action a remedy that is cautiously invoked and used sparingly after carefully ascertaining that the moving party has met all the requirements for the granting of a summary judgment motion. Associated Press v. United States, 326 U.S. 1, 6 (1945); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will not resolve disagreements over relevant factual issues in a summary judgment proceeding. Espingza v. Commissioner, supra at 416. The burden of proving that there is no genuine issue of material fact is on the moving party, and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390. A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright et al., Federal Practice and Procedure, sec. 2725, at 93 (2d ed. 1983) (fn. ref. omitted). In this regard, the Court has previously denied *62 motions for summary judgment where intent is a material issue in the case; such an inference of fact is to be drawn only at trial. Oakland Hills Country Club v. Commissioner, 74 T.C. 35, 40 (1980); Hoeme v. Commissioner, 63 T.C. 18, 20 (1974). The value of a trial with complete opportunity to view the demeanor of the parties and their evidence is obvious. Hoeme v. Commissioner, supra at 20. Except with respect to respondent's allegations of fraud, the burden of proof is on petitioner to prove that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a) and (b); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent must prove by clear and convincing evidence that petitioner is liable for an addition to tax for fraud. Sec. 7454(a); Rule 142(b). Respondent also bears the burden of proving the increased deficiencies attributable to the dividend income and the interest income that were asserted in the answer. Rule 142(a); see also supra notes 3 and 4. With respect to the deficiencies included in respondent's *63 notice of deficiency and the increased amounts alleged in respondent's answer, we conclude that, based on the above-mentioned deemed admissions, respondent prevails as a matter of law on all of these items, with the exception of the dividend income. [5] Accordingly, we will grant respondent's motion with respect to: (1) The deficiencies included in the notice of deficiency and (2) the increased amounts included in the answer with the exception of the dividend income. Respondent determined an addition to tax under section *64 6654 for petitioner's 1981 through 1987 taxable years, asserting that petitioner failed to pay estimated tax. This addition to tax is mandatory unless petitioner proves that he has met one of the exceptions contained in section 6654. In re Sanford, 979 F.2d 1511, 1514 (11th Cir. 1992); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). We sustain respondent's determinations under section 6654 with respect to petitioner's 1981 through 1986 taxable years. By failing to reply to respondent's answer, petitioner is deemed to have admitted that he paid no estimated tax for any year from 1980 through 1986 and that his failure to make payments of estimated tax for each of the years in issue was fraudulent. With respect to petitioner's 1987 taxable year, however, petitioner has not admitted that he paid no estimated tax, and we are unwilling to hold that he is liable for such an addition to tax under section 6654 as a matter of law; whether petitioner is liable for a 1987 addition to tax under section 6654 is a genuine issue of material fact yet to be resolved. Accordingly, we will grant respondent's motion with respect *65 to the 1981 through 1986 additions to tax under section 6654, and deny it with respect to 1987. Turning to respondent's allegations of fraud, respondent must meet her burden of proving fraud through affirmative evidence; fraud is never imputed or presumed. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Whether fraud exists in a given situation is a factual determination that must be made after reviewing the particular facts and circumstances of the case. DiLeo v. Commissioner, 96 T.C. 858, 874 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Respondent must show clearly that petitioner intended to evade a tax known or believed to be owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). Respondent must prove that petitioner underpaid his taxes in each year in issue, and that some part of each underpayment was due to fraud, in order to sustain her allegations of fraud under: (1) Section 6653(b), for petitioner's 1980 and 1981 taxable years, [6] (2) section 6653(b)(1), for petitioner's 1982 through 1985 taxable years, [7] *67 and (3) section 6653(b)(1)(A), *66 for petitioner's 1986 and 1987 taxable years. [8] See also secs. 6211, 6653(c)(1). With respect to section 6653(b)(1)(B), applicable to petitioner's 1986 and 1987 taxable years, if respondent establishes that some part of petitioner's underpayment was due to fraud, the entire underpayment is treated as attributable to fraud unless petitioner proves otherwise. Sec. 6653(b)(1)(B). With respect to section 6653(b)(2), applicable to petitioner's 1982 through 1985 taxable years, respondent must prove the portion of the deficiency that is attributable to fraud. Sec. 6653(b)(2); Franklin v. Commissioner, T.C. Memo. 1993-184. *68 Based on the deemed admissions above, we conclude that there is no genuine issue of material fact left to be resolved with respect to respondent's determinations of additions to tax for fraud under: (1) Section 6653(b), for petitioner's 1980 and 1981 taxable years, (2) section 6653(b)(1), for petitioner's 1982 through 1985 taxable years, and (3) section 6653(b)(1)(A), for petitioner's 1986 and 1987 taxable years; the admitted allegations establish that petitioner underpaid his taxes for each year and that a portion of each underpayment was due to fraud. Accordingly, we will grant respondent's motion with respect to these additions to tax. We refuse to hold as a matter of law, however, that respondent prevails with respect to: (1) Section 6653(b)(2), applicable to petitioner's 1982 through 1985 taxable years, and (2) section 6653(b)(1)(B), applicable to petitioner's 1986 and 1987 taxable years; respondent has not proven what portions, if any, of the 1982 through 1985 underpayments were attributable to fraud, and petitioner has not conceded that the entire 1986 and 1987 underpayments were attributable to fraud. Accordingly, we will deny respondent's motion with respect to these *69 additions to tax. To reflect the foregoing, An appropriate order denying in part and granting in part respondent's motion for summary judgment will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
1. 50 percent of the interest due on $ 9,127. ↩
2. 50 percent of the interest due on $ 22,764.↩
3. 50 percent of the interest due on $ 17,646.↩
4. 50 percent of the interest due on $ 16,204.↩
5. 50 percent of the interest due on $ 23,608.↩
6. 50 percent of the interest due on $ 40,552.↩
2. Petitioner was served with a copy of this motion on Jan. 8, 1993.↩
3. The total interest income asserted for 1987 ($ 195) and $ 217 of the interest income asserted for 1986 did not appear in respondent's notice of deficiency; respondent asserted these amounts in her answer.↩
4. These dividends did not appear in respondent's notice of deficiency; respondent asserted these dividends in her answer. With respect to these dividends, we note that respondent has listed 3 taxable years in which dividends were received and only two amounts.↩
5. With respect to the dividend income, we refuse to hold that respondent prevails as a matter of law. First, these amounts are not included in the taxable income that respondent asserted in her answer that petitioner had during his 1980 through 1987 taxable years. See supra↩ note 4. Second, respondent's allegation that petitioner received dividend income during 3 taxable years from 1985 through 1987 does not fulfill her burden of establishing how much of such income was received during each year.
6. As applicable to petitioner's 1980 and 1981 taxable years, sec. 6653(b) provides: "If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."↩
7. Sec. 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 616-617, amended sec. 6653(b) effective for taxes the last day prescribed by law for the payment of which, without regard to extensions, was after Sept. 3, 1982. Following its amendment, sec. 6653(b) provides in relevant part: (1) In General. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) Additional Amount for Portion Attributable to Fraud. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).↩
8. Sec. 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742-2743, amended sec. 6653(b) effective for returns the due date of which, without regard to extensions, was after Dec. 31, 1986. Following its amendment, sec. 6653(b) provides in relevant part: (1) In general. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to the sum of -- (A) 75 percent of the portion of the underpayment which is attributable to fraud, and (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to such portion for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax or, if earlier, the date of the payment of the tax.
(2) Determination of portion attributable to fraud. -- If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes is not attributable to fraud.↩