In re Arthur Carol SANFORD, Debtor.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Arthur Carol SANFORD,
Defendant–Appellee.

No. 91–5870.

United States Court of Appeals,
Eleventh Circuit.

Dec. 29, 1992.

Gary R. Allen, Chief, Kenneth W. Rosenberg, Michael L. Paup, Gary D. Gray, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Chad P. Pugatch, Marc R. Pollack, Law Office of Chad P. Pugatch, Ft. Lauderdale, Fla., for defendant-appellee.

Before FAY and EDMONSON, Circuit Judges, and HILL, Senior Circuit Judge.

FAY, Circuit Judge:

The government appeals the United States District Court's order affirming the judgment of the bankruptcy court, which reduced Debtor's tax penalty liabilities by two-thirds without publishing relevant factual findings. These tax penalties were imposed pursuant to I.R.C. §§ 6651(a)(1), 6651(a)(2), and 6654(a). We hold that the penalties imposed under these sections must be waived or imposed in their entireties, according to whether Debtor makes the factual showing statutorily required for waiver of the penalties. Therefore, we vacate the district court's judgment and remand this case to the district court with instructions to remand to the bankruptcy court for findings regarding whether the debtor, Arthur Carol Sanford, has proven facts which entitle him to a waiver of the penalties imposed pursuant to I.R.C. §§ 6651(a)(1), 6651(a)(2), and 6654(a).

FACTS AND PROCEDURAL HISTORY

Debtor is an eighty-six year old man who retired from his business in 1980. After retirement, he relied upon his then-wife and her accountant to handle his personal busi-

ness affairs, including the preparation and filing of federal income tax returns. Debtor developed serious health problems during 1983, and his wife, thirty-nine years his junior, filed for divorce in May, 1984. After the divorce, Debtor's problems worsened. A receiver took control of his assets, and in 1989 his creditors filed an involuntary petition against him under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the case was converted to Chapter 11.

When the bankruptcy petition was filed, Debtor had not filed federal income tax returns for the 1983 through 1988 tax years. During the bankruptcy proceedings, however, Debtor filed returns for the years 1986 through 1988. In the bankruptcy proceedings, the Internal Revenue Service asserted an unsecured priority claim under Bankruptcy Code § 507(a)(7) for taxes, interest and penalties for Debtor's tax years 1983 through 1988. Following the statutory formulas set forth in I.R.C. §§ 6651(a)(1) [1], 6651(a)(2) [2], and 6654(a) [3], the IRS calculated the amount of tax penal-

ty attributable to each of the tax years 1983 through 1988. The specific penalties asserted in the IRS's amended proof of claim are set forth in the margin.[4]

Debtor did not dispute the amount of tax liability or the computational accuracy of the penalties asserted in the amended proof of claim. However, Debtor urged the bankruptcy court to "reduce or eliminate" the penalties because Debtor had shown "good cause" for failing to file returns or pay tax for the years 1983 through 1988. The bankruptcy court's order allowed the IRS's claim for tax liabilities of $417,853.26 for the years 1983 through 1988. However, the bankruptcy judge reduced the claim for tax penalties by approximately two-thirds, to $36,796.18. Further, the bankruptcy judge ordered the reduction "to be prorated among the penalties asserted under Sections 6654, 6651(a)(1), and 6651(a)(2)."

On appeal to the United States District Court, the government argued that the

1. Section 6651(a)(1) provides that

    [i]n case of failure to file any [required return] ... on the date prescribed therefor ... unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which the infraction continues, not exceeding 25 percent in the aggregate....

    I.R.C. § 6651(a)(1) (1988).

2. Section 6651(a)(2) provides that

    [i]n case of failure ... to pay the amount shown as tax on any return ... on or before the date prescribed for payment of such tax ... unless it is shown that such failure is due to reasonable cause and not due to willful

neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate....

I.R.C. § 6651(a)(2) (1988).

3. Section 6654(a) provides that

    [e]xcept as otherwise provided in this section, in the case of any underpayment of estimated tax by an individual, there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined by applying—
    (1) the underpayment rate established under section 6621,
    (2) to the amount of the underpayment,
    (3) for the period of the underpayment.

    I.R.C. § 6654(a) (1988).

4. Penalties asserted in IRS's amended proof of claim:

| Year | § 6654(a) | § 6651(a)(1) | § 6651(a)(2) |
|------|-----------|--------------|--------------|
| 1983 | $ –0– | $ 122.85 | $ 136.50 |
| 1984 | 1,343.00 | 4,801.50 | 5,335.00 |
| 1985 | 1,528.57 | 19,448.78 | 17,720.00 |
| 1986 | –0– | 21,882.83 | 15,074.84 |
| 1987 | –0– | 14,350.95 | 6,059.29 |
| 1988 | 3,508.00 | 12,341.93 | 1,919.85 |
| Totals | $ 6,379.57 | $ 72,948.84 | $ 46,245.48 |

Total penalties: $125,573.89

bankruptcy court must either allow or disallow the entire statutory penalty amount, not merely reduce the amount of penalty imposed by statute. However, the district judge affirmed the bankruptcy court's order, holding that the bankruptcy court's equitable powers enable it to partially disallow the IRS's claim for tax penalties. Further, the district judge opined that, if the penalties must be imposed or excused in their entirety, the facts of this case justified excusing the entire amount of tax penalty. The government now appeals this order of the district court.

## DISCUSSION

■ Bankruptcy Code § 502 governs the allowance of claims in bankruptcy. Section 502(b)(1) provides that a claim shall not be allowed in bankruptcy if it "is unenforceable against the debtor and property of the debtor under any agreement or applicable law...." 11 U.S.C. § 502(b)(1) (1988). In other words, a claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy. Outside bankruptcy, the enforceability of the tax penalties in this case is governed by I.R.C. §§ 6651(a)(1), 6651(a)(2), and 6654. In determining whether to allow the IRS's claim for tax penalties against the bankruptcy estate, the bankruptcy judge therefore was obliged to determine whether those penalties would be enforceable against Debtor outside of bankruptcy, according to §§ 6651(a)(1), 6651(a)(2), and 6654.

### Sections 6651(a)(1) and 6651(a)(2)

Section 6651(a)(1) imposes a penalty, or "addition to tax," for failure to file a required tax return on the required date. The amount of this penalty is determined by a formula set forth in § 6651(a)(1).[5] This penalty "shall be added" to the tax owed for the year, "unless it is shown that [the failure to file] is due to reasonable cause and not to willful neglect." I.R.C. § 6651(a)(1) (1988). Similarly, § 6651(a)(2) imposes a penalty for failure to pay, by the required date, the tax liability shown on the taxpayer's return. The amount of this penalty also is determined by a statutory formula.[6] Further, this penalty also "shall be added" to the tax owed for the year, "unless it is shown that [the failure to pay] is due to reasonable cause and not to willful neglect." I.R.C. § 6651(a)(2) (1988). In the bankruptcy proceedings, the IRS asserted penalties under both of these provisions for each of the tax years 1983 through 1988.

Neither the Internal Revenue Code nor the Treasury Regulations allow the partial waiver of a § 6651(a)(1) or § 6651(a)(2) penalty for a single tax year. Rather, each penalty for each tax year is fully enforceable against the taxpayer "unless" the taxpayer had reasonable cause not to comply with the Code's requirements that year. Depending on the factual determination of reasonable cause, the penalty for each year will be either fully enforceable or fully unenforceable. The statutory term "unless" does not authorize the partial waiver of a § 6651(a)(1) or § 6651(a)(2) penalty. On the contrary, both statutes command that the penalties for each year be imposed in full, "unless" the taxpayer shows reasonable cause, in which case the penalties for that year will be excused in full.

■ Because the clear language of §§ 6651(a)(1) and 6651(a)(2) forbids the partial waiver of these penalties, the bankruptcy court may not use its equitable powers[7] to reduce the amount of the penalties by partially disallowing them. Reducing the amount of these penalties would supplant Congress' determination of the proper amount of penalty, as set forth in the statutory formulas of §§ 6651(a)(1) and 6651(a)(2). Moreover, reducing, or partially disallowing, the penalties would undermine

---

5. See note 1, *supra,* for the relevant text of I.R.C. § 6651(a)(1).

6. See note 2, *supra,* for the relevant text of I.R.C. § 6651(a)(2).

7. Bankruptcy Code § 105(a) grants equitable powers to bankruptcy courts, allowing them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a) (1988).

§ 502(b)(1) of the Bankruptcy Code, which provides for allowance of claims according to the applicable substantive legal standards. The bankruptcy court may not use its equitable power against the dictate of § 502, or any other section of the Bankruptcy Code. On the contrary, this equitable power "must and can only be exercised within the confines of the Bankruptcy Code." *In re Sublett,* 895 F.2d 1381, 1385 (11th Cir.1990) (quoting *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169, 179 (1988)).

Therefore, the bankruptcy court must make factual findings for each of Debtor's tax years 1983 through 1988 regarding whether Debtor has made the statutorily required showing of reasonable cause for that year.[8] Depending on the factual finding for each tax year, the bankruptcy court must allow or disallow, in full, the claim for §§ 6651(a)(1) and 6651(a)(2) penalties for that tax year.

### Section 6654

Section 6654(a) imposes a tax penalty for an individual taxpayer's underpayment of estimated tax and sets forth a formula for determining the amount of the penalty.[9] This penalty may be waived only if the taxpayer proves that he or she fits into one of the exceptions enumerated in § 6654(e). Section 6654(e)(3)(A) provides the exception relevant to this case: "No addition to tax shall be imposed under subsection (a) with respect to any underpayment to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience." I.R.C. § 6654(e)(3)(A) (1988).

During the bankruptcy proceeding, the IRS asserted a claim for a § 6654(a) penalty for each of Debtor's tax years 1984, 1985, and 1988. Under Bankruptcy Code § 502(b)(1), the bankruptcy court had the power to allow or disallow the § 6654(a) penalty for each tax year, depending on whether Debtor made the factual showing required for a waiver of penalty under § 6654(e)(3)(A). Thus, the bankruptcy court could disallow the § 6654(a) penalty for each tax year that it found that Debtor's "unusual circumstances" rendered the imposition of a § 6654(a) penalty for that year "against equity and good conscience." 26 U.S.C. § 6654(e)(3)(A) (1988).

However, the bankruptcy court did not have the power to reduce the amount of the penalty imposed pursuant to the statutory formula of § 6654(a) by partially disallowing the IRS's claim for the penalty. On facts like these, the § 6654(a) penalty for each year must be waived or imposed in its entirety, even though § 6654(e)(3)(A) provides for a waiver of penalty "to the extent" that it would be inequitable. In this case, Debtor's health problems and reliance upon his ex-wife and her accountant caused the underpayment of estimated tax for 1984, 1985, and 1988. For each year, these causes could not justify part of Debtor's underpayment of estimated tax, but fail to excuse the rest of the underpayment. Therefore, on these facts, the § 6654(a) penalty for each year must be imposed or

---

**8.** Treasury Regulation § 301.6651–1(c)(1) elaborates on the statutory standard of reasonable cause. That regulation considers a delay in filing a required return to be due to reasonable cause if the taxpayer "exercised ordinary business care and prudence," but nevertheless was unable to file the return on time. Similarly, reasonable cause for failure to pay a tax on time will exist where the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax and was nevertheless either unable to pay the tax or would suffer an undue hardship" if he paid the tax on time. Treas.Reg. § 301.6651–1(c)(1) (1992).

In addition, a court may find reasonable cause under § 6651(a)(1) or § 6651(a)(2) if a taxpayer convincingly demonstrates that a disability beyond his control rendered him unable to exercise ordinary business care. *See United States v. Boyle,* 469 U.S. 241, 248 n. 6, 105 S.Ct. 687, 691 n. 6, 83 L.Ed.2d 622, 629 n. 6 (1985) (for a taxpayer incapable of meeting objective standards of ordinary business care and prudence, "the disability alone could well be an acceptable excuse for a late filing"); *see also* 469 U.S. at 252–55, 105 S.Ct. at 693–94, 83 L.Ed.2d at 632–34 (1985) (Brennan, J., concurring) (stressing that taxpayers incapable of exercising ordinary business care should not be penalized under § 6651(a)(1)).

**9.** See note 3, *supra,* for the text of I.R.C. § 6654(a).

waived in its entirety.[10] Allowance of the penalty claim for each year will depend on the bankruptcy judge's factual finding regarding Debtor's circumstances for each year and the resulting equity of penalizing Debtor for underpayment of estimated tax for that year.

## CONCLUSION

In light of the foregoing analysis, we vacate the district court's order affirming the bankruptcy court's judgment reducing the amounts of Debtor's §§ 6651(a)(1), 6651(a)(2) and § 6654(a) penalties by two-thirds. We remand to the district court with instructions to remand to the bankruptcy court for a determination of whether Debtor has made the factual showing required for a waiver of the §§ 6651(a)(1), 6651(a)(2), and 6654(a) penalties for each tax year in which they are asserted.

VACATED and REMANDED.

HILL, Senior Circuit Judge, Specially Concurring:

"Another such victory ... and we are undone."

Pyrrhus, after the Battle of Asculum, 279 B.C.

What is in this record—supplemented by what is not in this record—persuades me that the following is what happened in this case.

When it appeared that the physically and domestically unfortunate Mr. Sanford had not timely filed his tax returns nor paid his taxes for the years in question but had reconstructed his income situation and made late filings, the attorneys for the Internal Revenue Service took note. Even though it seemed that there was ample cause for the defaults, government counsel, in something of a knee-jerk reaction to such belated filings, asserted the right to all penalties (additional taxes) that appeared in the statutes.

When the case came on for decision, the government made no effort to dispute or refute any of the proof offered of reasonable cause. The conduct of the government indicates, at least, that its representatives expected such reasonable cause to be found and the penalties denied.

To the apparent surprise of everyone, the bankruptcy judge gave the government a partial victory. Initial joy at winning *anything* by way of penalty in this case quickly gave way to chagrin; if the government could obtain partial wins in these penalty cases it was exposed to partial losses in future cases.

With its own bullet thus lodged in its pedal extremity, the government limped, via the district court which affirmed, into this court. On the face of the record, it appeared as a litigant which had been denied a substantial part of the penalties it sought. Its advocacy, however, is that of a litigant offended by having won a substantial part of the penalties it sought. The government asserts that its appeal (the taxpayer did not cross-appeal) presents, as error, the award *in its favor* of substantial sums of money against its litigation adversary. The government won a *part* of its case. It should prefer to be found entitled to none of it. Whether discussed as winning part or as losing part, the "lick-log" is "part." The prospect of the intrusion of equity to temper the hand of the tax collector is frightful, indeed.

Our opinion and judgment is a victory for the appellant even if, upon remand, it should lose what it carelessly won the first time around.

I concur.

---

**10.** Different facts might have changed our holding regarding the bankruptcy court's power to partially disallow a § 6654(a) penalty. If only part of an underpayment of estimated tax were justified by the taxpayer's circumstances, then we might find that the penalty should be waived only "to the extent" of the justification. For example, if one-third of an underpayment resulted from the destruction of taxpayer's records in a natural disaster, and two-thirds of the underpayment resulted from the taxpayer's own negligence, then perhaps only one-third of the § 6654(a) penalty should be waived.