JERZY D. GRZEGORZEWSKI AND JENNIFER S. GRZEGORZEWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grzegorzewski v. Commissioner
Docket No. 21303-93
United States Tax Court
T.C. Memo 1995-49; 1995 Tax Ct. Memo LEXIS 42; 69 T.C.M. (CCH) 1788; January 31, 1995, Filed *42 Decision will be entered for respondent. Held: P understated his 1989 income from his sole-proprietor business by $ 24,825. Held, further, Ps are liable for an addition to tax under sec. 6651(a)(1), I.R.C., for failure to file timely a 1989 tax return. Held, further, Ps are liable for penalty under sec. 6662(a), I.R.C. for negligence. For petitioners: William Curtis Elliott, Jr.
For respondent: David Delduco. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: Jerzy D. Grzegorzewski and Jennifer S. Grzegorzewski (petitioners) petitioned the Court to redetermine respondent's determination of a deficiency in their 1989 Federal income tax and additions thereto under sections 6651(a)(1) and 6662(a). [1] Respondent determined a $ 7,753 deficiency, a $ 1,448 addition under section 6651(a)(1), and a $ 1,551 accuracy-related penalty under section 6662(a). Respondent reflected her determinations in a notice of deficiency issued to petitioners on August 9, 1993. *43 The issues for decision are: 1. Whether the 1989 income of the sole-proprietor business of Mr. Grzegorzewski (petitioner) [2] was understated by $ 24,825. We hold that it was. [3]
2. Whether petitioners are liable for an addition to tax for failure to file timely under section 6651(a)(1). We hold that they are. 3. Whether petitioners are liable for an accuracy-related penalty for negligence under section 6662(a). We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioners resided in Charlotte, North Carolina, when they filed their petition. During the year in issue, petitioner was a self-employed mover, and his wife was a tax administrator. *44 Petitioner is a native of Poland. He came to the United States on March 22, 1985. After learning of an opportunity to enter the moving business for himself, petitioner became affiliated with the Mayflower Co. (Mayflower) in 1987. Petitioner subsequently purchased a truck from Mayflower. During 1989, petitioner drove this truck for Mayflower in his capacity as a self-employed individual. On March 25, 1991, petitioners filed a 1989 Form 1040, U.S. Individual Income Tax Return, using the filing status of "Married filing joint return". Petitioners' return includes a Schedule C, Profit or Loss From Business, for petitioner's moving service business. The Schedule C shows that petitioner received $ 74,199 in gross income and incurred $ 73,580 in total expenses in connection with that business. Petitioner paid a self-employment tax of $ 125 on this business' net income of $ 961. This was the only income of petitioner that was subject to self-employment or Social Security taxes for 1989. OPINION The case at bar involves mainly a factual determination: Was $ 24,825 of unreported income determined by respondent actually a loan to petitioner from his brother. Respondent determined *45 that this amount was income from petitioner's sole-proprietor business. Petitioners disagree. Petitioners contend that this amount was not income because it was a loan from petitioner's brother. Petitioners contend that petitioner's brother, who lives in Poland, loaned him $ 30,000 to help him start his life. According to petitioners, petitioner's brother transferred to him three cash payments of $ 3,000 in 1988 and seven cash payments of $ 3,000 in 1989. The $ 3,000 payments were purportedly hand carried to petitioner, each in an envelope containing 30 $ 100 bills, by friends who were visiting their relatives in various cities throughout the United States. Petitioners further contend that these friends received the envelopes from petitioner's brother in Poland and handed the envelopes to petitioner in the various cities, not knowing the envelope's contents. Petitioners bear the burden of proving respondent's determination incorrect.[4] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Parks v. Commissioner, 94 T.C. 654, 658-659 (1990); Tokarski v. Commissioner, 87 T.C. 74, 75-76 (1986). *46 Petitioners attempt to meet their burden by relying primarily on petitioner's testimony that the funds were loaned from his brother. Self-serving statements, without other collaborating documentation, are generally not reliable indicia of the creation of a loan. Turner v. Commissioner, 812 F.2d 650, 654 (11th Cir. 1987), affg. T.C. Memo. 1985-159. *47 We do not find petitioner believable. He has failed to persuade us that his story is true. His explanation of the funds as a purported loan from his brother fails to convince us that he actually did receive such a loan. Indeed, the record belies his claim. Petitioner testified that he had no promissory note or other documentation of a debtor/creditor relationship. See In re Indian Lake Estates, Inc., 448 F.2d 574, 578-579 (5th Cir. 1971). Petitioner also testified that the "loan" did not have a maturity date or repayment schedule, and that no interest accrued on the outstanding balance. Petitioner further testified that the "loan" was never repaid, except for two claimed payments totaling $ 2,000, one of which purportedly was a $ 1,500 cash payment handed to his mother in 1993 to deliver it to his brother. We find that petitioner failed to establish that he intended to repay the funds or that his brother intended to enforce repayment, which are necessary elements of a debtor/creditor relationship. Beaver v. Commissioner, 55 T.C. 85, 91 (1970); Fisher v. Commissioner, 54 T.C. 905, 909-912 (1970). *48 Respondent determined that petitioner received $ 24,825 in unreported income from his sole-proprietor business, and petitioners have failed to disprove her determination. Accordingly, we must sustain respondent's determination with respect to this issue. [5]
Respondent also determined an addition to tax under section 6651(a)(1) asserting that petitioners failed to file timely a 1989 Federal income tax return, and that they had not shown that their failure was due to reasonable cause. In order to avoid this addition to tax, petitioners must prove that their failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a)(1); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985); *49 In re Stanford979 F.2d 1511, 1512 (11th Cir. 1992); Stovall v. Commissioner, 762 F.2d 891, 895 (11th Cir. 1985), affg. T.C. Memo. 1983-450. A failure to file timely a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence, and, nevertheless, was unable to file the return within the prescribed time. In re Stanford, supra, at 1514; sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245. We hold that petitioners have failed to prove that their failure to file was due to reasonable cause and not due to willful neglect. Petitioners filed their 1989 tax return on March 25, 1991, 11 months after it was due, and have not provided an explanation for their failure to file timely. Because the record does not establish that their failure to file the return on time was reasonable, we must sustain respondent's determination under section 6651(a)(1). Respondent further determined that petitioners' *50 underpayment of Federal income tax for 1989 was due to negligence, and, accordingly, that they were liable for the penalty under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence. See also sec. 6662(b)(1). Petitioners have the burden of establishing the incorrectness of respondent's determination that they are liable for an accuracy-related penalty under section 6662(a). Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); see also Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners must prove that they were not negligent, i.e., that they made a reasonable attempt to comply with the provisions of the Code, and that they were not careless, reckless, or in intentional disregard of rules or regulations.[6]Sec. 6662(c). Based on our careful review of the record at bar, we conclude that it does not establish that petitioners made a reasonable attempt to comply with the provisions of the Code. We sustain respondent's determination with respect to this penalty. *51 We have considered all arguments made by petitioners, and, to the extent not addressed above, find them to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For simplicity and ease, we use the term "petitioner" to refer solely to Mr. Grzegorzewski.↩
3. Our holding with respect to this issue also sustains respondent's $ 823 computational adjustment to petitioners' medical expense deduction.↩
4. Petitioners allege in their brief that the burden of proof should be on respondent because her determination was arbitrary. Petitioners' first mention of this contention was in their brief. If petitioners had wanted this allegation to be at issue, they should have so provided in their petition. Rule 34(b)(4) and (5) (petition shall contain clear and concise assignments of each and every error claimed to have been made by respondent in respondent's determination, and clear and concise statements of the facts on which petitioners base the assignments of error); see also Rollert Residuary Trust v. Commissioner, 80 T.C. 619, 636 (1983), affd. 752 F.2d 1128 (6th Cir. 1985); Jarvis v. Commissioner, 78 T.C. 646, 658 (1982); Messer v. Commissioner, 52 T.C. 440, 455 (1969), affd. 438 F.2d 774 (3d Cir. 1971). By failing to raise this contention as an issue in the assignment of errors in their petition, petitioners are deemed to have conceded this issue. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; see also Merlino v. Commissioner, T.C. Memo. 1993-200↩. We note, in any event, that the record does not support petitioners' contention that respondent's determination was arbitrary.
5. Given that this income was from petitioner's sole-proprietor business, we also sustain respondent's $ 3,313 adjustment to petitioner's self-employment tax. The Code imposes a "self-employment tax" on net earnings of $ 400 or more from self-employment income. Sec. 1401.↩
6. Negligence has also been defined as a lack of due care or a failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1↩ (1989).