**In re John P. DILLON and Anne Dillon, Debtors.**

**Bankruptcy No. 93–14402–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

April 1, 1996.

534

Ronald G. Neiwirth, Ft. Lauderdale, FL, for debtors.

Andrea S. Hartley, Miami, FL, for trustee.

Joel L. Tabas, Trustee, Miami, FL.

## ORDER DENYING TRUSTEE'S MOTION TO COMPEL DEBTOR TO UNDERGO PHYSICAL EXAMINATION

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on the 27th day of February, 1996, the date set for hearing on the Trustee's Motion seeking to compel the Debtor to undergo a physical examination and, implicitly, to allow a policy of life insurance to be taken out insuring his life. The underlying facts are not in dispute. At the time the Debtor filed his bankruptcy petition, he was the owner of an agreement which he had obtained several years earlier, in settlement of a lawsuit. Under the terms of the agreement, in addition to certain other consideration, the Debtor was entitled to a stream of designated payments for the remainder of his life. The Debtor claimed the settlement and stream of payments to be exempt. The Trustee objected, and the objection was sustained. The consensual, unavoidable security interest of a lender encumbers the stream of payments; the secured debt will not be satisfied out of the payment stream for another two years or more.

The Trustee attempted to sell this expectancy by soliciting offers from investors. He has a potential offer which, in relevant part, values the payment stream by reducing it to present value after the secured creditor is paid. A second part of the offer, however, requires life insurance on the Debtor's life. (The investor would be most unhappy if the Debtor should not survive long enough for the investor to recoup the amount of his proposed offer.) The investor required as part of his offer that life insurance be placed on the Debtor's life in a suitable amount in order to assure the investor's return. The proposed life insurance would be obtained at no cost to the Debtor.

The Trustee now seeks to compel the Debtor to undergo a physical examination which he advises is required for underwriting

of such a proposed life insurance policy. Although the trustee has not specifically asked, normal insurance practice would dictate that the Debtor would also have to execute an application for the insurance, containing representations about his physical condition, medical history, and the like.

### The Trustee's Contentions

■ The Trustee grounds his request on 11 U.S.C. § 521(3) which establishes a general duty on the part of the Debtor to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy Code. The Trustee then turns to Fed.R.Bankr.P. 7035, which concerns itself with adversary proceedings and is titled "Physical and Mental Examination of Persons", which incorporates Fed.R.Civ.P. 35 into bankruptcy jurisprudence. Fed.R.Civ.P. 35 provides, in relevant part, that:

> (a) *Order for Examination.* When the mental or physical condition ... of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination ... the Order may be made only on Motion for good cause shown and upon notice to the person to be examined ...

Fed.R.Bankr.P. 7035 is also made applicable to contested matters by Fed.R.Bankr.P. 9014. Properly speaking, a contested matter is a dispute between parties other than an adversary proceeding, and is brought before the Court by a motion. *See:* Fed.R.Bankr.P. 9014.

Thus, the Trustee contends that the Debtor has an obligation to submit to a physical examination and, implicitly, to execute a life insurance application.

### Debtor's Contentions

The Debtor disagrees and the Court concurs with the Debtor. First, the Trustee's duties are to investigate the financial transactions, assets and liabilities of the Debtor and to liquidate the estate. There is no allegation that the Debtor has been other than cooperative with regard to financial disclosure and in all other respects until now. The Debtor has not refused to give discovery about relevant issues. The question is whether the Debtor can be forced to undergo a physical examination and execute a life insurance application in order to enhance the value of existing assets?

### Discussion

■ Although this appears to be a case of first impression, the Court finds guidance in cases decided under Fed.R.Civ.P. 35. Generally, the rule requires that the movant seeking an examination demonstrate two necessary prerequisites. First, the physical condition of the party sought to be examined must be in actual controversy. Second, the movant must demonstrate good cause for the examination. "Good cause" in its turn, requires a demonstration of both relevance to the controversy, as well as need for the examination. *See: Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Even when the movant has demonstrated good cause and the existence of a controversy, the Court still has discretion to determine whether or not to order an examination. *Hardy v. Riser,* 309 F.Supp. 1234 (N.D.Miss.1970). One of the first cases reported under Fed.R.Civ.P. 35 was *Wadlow v. Humberd,* 27 F.Supp. 210 (W.D.Mo.1939). There, the court held that it would order an examination only if the mental or physical condition of a party is "immediately or directly" in controversy.

Here, that is not the case. The Trustee is not engaged in a dispute with anyone over the Debtor's physical condition; nor is the Debtor. The Debtor's physical condition is not at issue in any legal proceeding, such as a personal injury suit. Nor has the Debtor made his physical or mental state an issue in defense of a claim in any such dispute. Accordingly, the Court holds that there is no pending controversy over the Debtor's physical condition.

The second prerequisite, according to *Schlagenhauf, supra* and Rule 35, demands that the movant demonstrate good cause for the request of an examination. The Trustee submits that sufficient good cause has been

shown, since he can get a much better price for the asset in question if life insurance is available, than if it is not. In effect, he is asking the Court to fashion an equitable remedy in order to create value which does not presently exist, for the estate.

■ This Court has broad equitable powers pursuant to 11 U.S.C. § 105(a), which provides that "The Court may issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title." Under this section, however, the Court is authorized to exercise its equitable jurisdiction only as a means to fulfill some specific Code provision, *See, e.g., Matter of Fesco Plastics Corp., Inc.,* 996 F.2d 152 (7th Cir.1993). The fact that a bankruptcy proceeding is equitable, does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness. *In re Chicago, Milwaukee, St. Paul and Pacific R. Co.,* 791 F.2d 524, 528 (7th Cir.1986). The exercise of its equitable powers must be strictly confined within the prescribed limits of the bankruptcy statutes. *Guerin v. Weil, Gotshal & Manges,* 205 F.2d 302, 304 (2nd Cir.1953). The 11th Circuit has been careful to confine 11 U.S.C. § 105 to issues of enforcement of provisions of the Bankruptcy Code, and not to allow bankruptcy courts to overuse their equitable authority. *See, In re Sanford,* 979 F.2d 1511 (11th Cir.1992);[1] *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990) (§ 105 does not authorize the court to award interest against a trustee as a penalty for tardy distribution, where the statutes otherwise specify what is to be paid).

11 U.S.C. § 541 specifies the assets of the Debtor that belong to the estate upon filing of a bankruptcy petition. Under § 541, the Trustee succeeds to whatever title the Debtor had in and to his assets on the date of his bankruptcy petition. In addition, under 11

U.S.C. § 544, the Trustee has certain "strong arm" powers available to him. He may utilize the status of a consensual lien creditor with a perfected lien on all assets as of the date of bankruptcy; a judgment creditor on that date, with an execution returned unsatisfied; and the status of a bona fide purchaser of real estate. Even granting the Trustee these various powers, we are unable to unearth any cases outside of domestic relations law, where a debtor has been compelled to apply for life insurance to protect his creditors, absent his own prior agreement. The court concludes that it is not appropriate, several years later, to force the Debtor to take action to enhance the value of those assets. It is one thing to order a debtor to do that which he is obligated to do. However, it seems beyond the Court's equitable powers to order the Debtor to submit to examinations to which he is not obligated to submit. That would be analogous to ordering the Debtor to go to work and earn money to enhance the estate, which the Court clearly cannot do.

### Conclusion

The Court being otherwise fully advised in the premises, and for the reasons set forth above, it is

**ORDERED and ADJUDGED** that the Trustee's motion to compel the Debtor to undergo a physical examination for the purpose of obtaining a policy of insurance covering his life is denied.

**DONE and ORDERED.**

---

1. In *Sanford,* the court held that a bankruptcy court cannot modify IRS penalties. When the Internal Revenue Code provides that a penalty must be assessed in full or excused in full under certain factual circumstances, the court may not reduce or partially waive penalties, but may only enforce in full or excuse in full after making appropriate factual findings.