**In re INNOVATION INSTRUMENTS, INC., Debtor.**

**Bankruptcy No. 97–07458.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Dec. 15, 1998.

C. Edwin Rude, Jr., Tallahassee, FL, for debtor.

Wendy R. Vann, Asst. U.S. Attorney, Tallahassee, FL, for IRS.

### *MEMORANDUM OPINION ON OBJECTION TO CLAIM*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the Court on the Debtor's objection to claim filed by the Inter-

nal Revenue Service. A hearing was held on October 8, 1998. Based on the record and the undisputed facts, the following conclusions of law are entered pursuant to Bankruptcy Rule 7052.

### Facts

The Debtor, Innovation Instruments Inc., filed a chapter 11 petition on July 7, 1997. The Internal Revenue Service ("IRS") filed a proof of claim which included amounts assessed against the Debtor for employment taxes. The Debtor was assessed liabilities for four tax periods; the amount for each tax period was assessed on a separate date. Two of these assessments were made after the Debtor filed its petition for bankruptcy: on August 19, 1997, the IRS assessed $11,243 in taxes plus $449.73 interest for the fourth quarter of 1996; on August 29, 1997, the IRS assessed $3457.97 in taxes plus $60.19 interest for the second quarter of 1997.

The IRS' proof of claim also included penalties as unsecured general claims in the total amount of $7,293.56. The proof of claim does not state when the penalties were assessed, but the IRS has submitted a Certificate of Assessments and Payments along with its brief which shows that they assessed a penalty on August 19, 1997 for $4,665.98 and again on August 29, 1997 for $726.12.

The Debtor asserts as the sole basis for its objection that the IRS' two post-petition assessments of interest and penalties violate the automatic stay provisions of 11 U.S.C. § 362(a). The IRS argues that the Code excepts the assessment of taxes including interest and penalties. Alternatively, the IRS contends that the Debtor's objection is procedurally flawed because the proper remedy for violation of an automatic stay is to seek sanctions, not to have the claim disallowed. The issues in this case are thus 1) whether the Code excepts the assessment of tax interest and penalties from the automatic stay, and 2) whether a claim can be disallowed for violating the automatic stay.

### Discussion

**a. § 362(b)(9)(D)**

Under the Bankruptcy Code, filing a voluntary petition for relief operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6) (West 1998); see 11 U.S.C. § 301 (commencement of a voluntary case). Filing a petition does not operate as a stay of "the making of an assessment for any tax." 11 U.S.C. § 362(b)(9), (d). The Code is silent as to whether interest and penalties on taxes are to be included in the word "tax" under this section.

The Internal Revenue Code treats interest and penalties in the same manner as the underlying tax. See 26 U.S.C. § 6601(e) ("Any reference in this title to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."); 26 U.S.C. § 6671(a) ("[A]ny reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."). In the present case, however, I cannot solely rely on the Internal Revenue Code; the Bankruptcy Code shall determine the merit of the Debtor's arguments.

The various Bankruptcy Code provisions concerning taxes do not mention interest relating to such taxes. However, the Code expressly addresses penalties on taxes in several places. See 11 U.S.C. §§ 503(b)(1)(B), (C) (allowing a tax incurred by the estate and a penalty on such tax as an administrative expense); §§ 507(a)(8)(A), (G) (according priority to a governmental unit's tax claim and a penalty related to such claim); §§ 523(a)(1), (7) (excepting a tax and penalty relating to such tax from discharge). Because penalties relating to taxes are provided for under certain Code sections and not § 362(b)(9), perhaps Congress intended for § 362(b)(9) to not apply to penalties.

The legislative history of § 362(b)(9) suggests that Congress intended to expand on the IRS' assessment powers. In 1994, that section was amended to lift the automatic stay as it applies to the making of a tax assessment. See 11 U.S.C. § 362(b)(9) Editor's Note (West 1998). Senator Metzenbaum explained the purpose of the 1994 amendment:

[Currently there is a provision] that would allow the assessment of uncontested or agreed upon prepetition tax liabilities. While of some assistance to the [IRS], the provision does not cover taxes that may not require a return or those that do not involve the deficiency procedures of the Internal Revenue Code such as excise taxes and employment taxes. The amendment proposed would extend the ability of the [IRS] to make assessments with respect to all taxes that it administers.

Under the proposal, the [IRS] would still be prohibited from taking steps to collect the tax. It would simply be allowed to make an assessment and send the first bill notifying the taxpayers of the liability.

140 Cong.Rec. S4640, 4649 (daily ed. April 21, 1994) (statement of Sen. Metzenbaum). I construe this passage as indicative of Congress' intent to allow the IRS to assess liability pursuant to the Internal Revenue Code while still preventing collection. Interest and penalties are part of the "taxes" administered by the IRS and should thus be treated as part of the tax for the purpose of the automatic stay. Relevant case law supports this determination.

### b. Case law: Interest

The Debtor argues that interest on tax is not part of the tax. In *Baptiste v. Commissioner of Internal Revenue*, 29 F.3d 1533 (11th Cir.1994), the court was confronted with the nature of a life insurance beneficiary's liability for unpaid estate taxes and interest. The Court construed the applicable Internal Revenue Code provision to impose a non-tax liability on the transferee. *Baptiste*, 29 F.3d at 1541 ("Because the estate's obligation is one in the nature of a tax does not mean the transferee also has a tax liability."). However, the *Baptiste* case is not directly on point because that case involved transferee with no tax liability. In the present case, the Debtor is not a transferee and it is undisputed that he has a tax liability. In dicta, the *Baptiste* court does offer that "[i]f the transferee's obligation were a tax liability, the government could collect it and impose penalties and interest on it under existing provisions of the Code without requiring any additional authority." *Id.* The Debtor cites to

Baptiste but oddly omits the preceding quotation, which strongly supports the IRS' argument that tax penalties and interest are to be treated as part of the tax.

Neither party has produced a case that discusses whether a tax interest assessment made post-petition is in violation of the automatic stay. Based on cases that apply other areas of bankruptcy law, interest on tax liability should be treated as part of the tax itself. *See In re Allied Mechanical Services, Inc.*, 885 F.2d 837, 839 (11th Cir.1989) (granting first priority status to post-petition taxes and interest on such taxes as administrative expenses); *In re Hanna*, 872 F.2d 829, 831 (8th Cir.1989) (reasoning that if the tax claim is nondischargeable, post-petition interest and penalties on such tax claim is equally nondischargeable); *accord In re Burns*, 887 F.2d 1541, 1543 (11th Cir.1989) (adopting the analysis in *Hanna* ).

It would be anomalous for Congress to have allowed a post-petition assessment of taxes but not the underlying interest; doing so would grant debtors an interest-free loan at the expense of the government. *See Allied Mechanical Services, Inc.*, 885 F.2d at 839 *citing In re Gould & Eberhardt Gear Machinery Corp.*, 80 B.R. 614, 617 (D.Mass. 1987). Indeed, the interest that accrues on taxes is an integral part of the tax claim and should be treated the same as the underlying claim. *See id.* Interest on taxes may thus be assessed post-petition under § 362(b)(9)(D).

### c. Case law: Penalties

As stated above, the court in *Hanna* applied the "plain meaning" of § 523(a)(7) such that "tax penalties, if the underlying tax with respect to which the penalty imposed is nondischargeable, are also nondischargeable." *Hanna*, 872 F.2d at 831. I analogize § 523(a)(7) with § 362(b)(9)(D) such that since tax assessments are excepted from the stay, penalty assessments relating to such taxes should be excepted as well.

This decision is supported by *Bronson v. United States*, 46 F.3d 1573 (Fed.Cir.1995). In *Bronson* the IRS assessed tax penalties in violation of the automatic stay and the debtor

316

sought a refund. The assessment occurred before the automatic stay provisions of the Bankruptcy Code were amended to except tax assessments from the stay. For reasons not relevant to the matter at hand, the court found that the purposes of the automatic stay were not violated by the assessment. *Id.* at 1579–80. However, the *Bronson* court was partially persuaded by the expansion of the Bankruptcy Code to except tax assessments from the automatic stay. *Id.* at 1581. Through its analysis, the court implied that the penalties were a part of the tax assessment and its assessment would not violate the policies of the stay.

In *In re Sanford,* 979 F.2d 1511, 1513 (11th Cir.1992), the Eleventh Circuit discussed the allowance of penalty claims in bankruptcy. In doing so, the *Sanford* court described a penalty for failure to file a tax return as an "addition to tax". The Debtor construes *Sanford* as thus differentiating between a penalty and a tax. However, I believe that *Sanford* says less about the issue at hand than is apparent. That case dealt with the bankruptcy court's equitable powers to allow, reduce, or disallow claims. It did not come close to analyzing whether, for the purposes of an automatic stay, a tax assessment includes penalties on the tax.

**d. Remedy for Violation of Automatic Stay (§ 362(h))**

█ Even if the automatic stay were violated, the punishment for such violation would be to pay damages, including costs and attorneys fees. *See* 11 U.S.C. § 362(h); *Matter of Carlson,* 126 F.3d 915, 924 (7th Cir.1997). Under § 502(b), certain types of claims can be disallowed should there be an objection to a claim. *See* 11 U.S.C. § 502(b). The Code does not authorize a bankruptcy court to disallow a claim for an alleged violation of an automatic stay.

In *Carlson,* the debtor claimed that the IRS violated their stay by filing a tax lien notice, and they refused to pay the accrued penalties. *Carlson,* 126 F.3d at 923–24. The court found all of the debtor's arguments to be meritless, and then pointed out that § 362(h) does not provide for an abatement of assessed penalties. *Id.* In the present

case, the Debtor seeks to disallow the assessed interest and penalties, alleging a violation of the automatic stay. However, I cannot grant the Debtor's wishes; even if there had been a violation of stay, there is simply no authority to disallow the interest or penalties.

### *Conclusion*

Based on the foregoing, the Debtor's objection to the IRS' claim is overruled. A separate order shall be entered in accordance with my decision.