**In re Larry Curtis JOHNSON, a/k/a Maurice Starr, Debtor.**

**Bankruptcy No. A96–65279–JB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 5, 1999.

Steven K. Davidson, Sidney P. Levinson, Steptoe & Johnson, Washington, DC, for debtor.

Michael N. Wilcove, Department of Justice, Washington, DC, for I.R.S.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case is before the Court on "Debtor's motion to amend judgment" regarding debtor's objections to the amended proof of claim filed by the Internal Revenue Service ("IRS") on behalf of the United States of America. On November 9, 1998, the Court entered oral findings of fact and conclusions of law pursuant to FED. R. CIV. P. 52(a) and FED. R. BANKR. P. 7052, made applicable by FED. R. BANKR. P. 9014. Debtor seeks to amend that portion of the ruling which overruled debtor's objections to the IRS' claim of penalties for debtor's failure to file timely tax returns for the years 1993, 1994, and 1995.[1] The findings and conclusions regarding penalties for the late tax returns are found in the transcription of the oral ruling on pages 22–31. After carefully considering debtor's motion to amend, the Court concludes that the motion should be denied.

Debtor was the music producer and song writer for the group New Kids on the Block. The group enjoyed several successful and lucrative years in the music business, earning significant dollars for debtor and his business partner, Dick Scott. Mr. Scott was in charge of the financial affairs of the business and was assisted in this area by Howard Comart, an accountant. Debtor and Mr. Scott had a falling out, and in early 1994 the parties executed documents formalizing the breakup of their business relationship.

---

1. Debtor does not seek reconsideration of the Court's findings regarding the IRS' claim for penalties imposed for the late filing of the 1992 tax return.

Sometime thereafter, debtor hired the accounting firm of Padell, Nadell, Fine and Weinberger ("the Padell Firm") to take over his financial affairs, but debtor did not provide the Court with a date on which debtor retained the Padell Firm.

Debtor filed a Chapter 11 proceeding on April 1, 1996. After the bankruptcy filing, the estate retained the accounting firm of D'Huyvetter & Swichkow ("Swichkow") to handle debtor's financial affairs.

The returns for the tax years 1993, 1994 and 1995 were all late. The 1993 tax return was due April 15, 1994, but the return was not filed by the Padell Firm until January of 1996. The 1994 return was due April 15, 1995 and the 1995 return was due April 15, 1996. These returns were completed and filed by the Swichkow accounting firm after it was employed by the bankruptcy estate in June of 1996. When the Swichkow firm filed the 1994 and 1995 returns, the 1994 return was over a year late, and the 1995 return was several months late.

■ Section 6651(a)(1) of the Internal Revenue Code ("IRC") requires that the IRS assess a penalty on a taxpayer for "failure to file any return required ... on the date prescribed therefor ...., unless it is shown that such failure is due to reasonable cause and not due to willful neglect." The burden is on the taxpayer, the debtor, in this case, to prove that the failure to file timely returns was due to reasonable cause. *United States v. Boyle* [85–1 USTC ¶ 13,602], 469 U.S. 241, 245, 105 S.Ct. 687, 689, 83 L.Ed.2d 622 (1985). In most cases, a taxpayer cannot claim that he relied on his attorney or accountant to prepare and file a tax return within the statutorily prescribed time limit. *Id.* at 247, 105 S.Ct. at 691. The parties agree that one situation constituting reasonable cause is the taxpayer's inability to obtain necessary records for determining the amount of tax liability for reasons beyond his control.

■ Debtor argues that the Padell Firm was unable to file debtor's tax returns for 1993, 1994 and 1995 in a timely manner, because it could not get needed records from Mr. Comart. Unfortunately, this argument was not supported by the evidence presented. While debtor testified that Mr. Comart ceased to be his accountant at the end of 1993, the evidence does not support a finding that the Padell Firm did not have sufficient records to prepare the tax returns in a timely fashion. There was no evidence as to when debtor hired the Padell Firm. No member of the Padell Firm testified at the hearing to describe why they did not file timely tax returns for the debtor for 1993, 1994 and 1995, or to describe what steps, If any, the Padell Firm took to gather the records needed to prepare the tax returns for those years. Debtor provided no evidence of correspondence between the Padell Firm and Mr. Comart regarding any attempt to obtain any records from Mr. Comart. Finally, debtor did not provide any evidence that he, personally, attempted to get the records from Mr. Comart.

Debtor points to only one statement in the record as evidence of the Padell Firm's efforts to obtain the records from Mr. Comart. Debtor testified that he believed Padell "tried to get with" Comart, and that "they couldn't get all the stuff that they needed." (Johnson 11/5/98 Test. at 6–7.) The statement was made during cross-examination when Michael Wilcove, attorney for the IRS, questioned debtor about his retention of Padell Firm. The testimony was as follows:

Q: And when did Mr. Padel [sic] come in–when did you start working with Mr. Padel [sic]?

A: He was before–he was–Padel [sic] was just before the Bankruptcy.

Q: (Pause.) And when the Padel [sic] Firm came into the picture, was Mr. Colmart [sic] then out of the picture, as you recall–when it came to preparing returns and all?

A: He was–yes.

Q: And did the Padel [sic] Firm deal with you as opposed to Dick Scott?

A: I believe Padel [sic] tried to get with Colmart [sic], and once again, they couldn't get all the stuff that they needed.

(Johnson 11/5/98 Test. at 6–7.)

Debtor's statement is not sufficient to support a finding that the Padell Firm attempted, but was unable, to secure records from Mr. Comart in order to timely file debtor's tax returns for 1993, 1994 and 1995. Mr. Swichkow testified that Mr. Comart did not cooperate with his later requests in 1996 for records after the bankruptcy was filed, but this does not establish that the Padell Firm was unable to obtain records and file timely returns. Furthermore, the 1994 and 1995 returns were already late when debtor hired Mr. Swichkow.

The Court has reviewed the record and the law cited by the parties and concludes that debtor has not carried the burden of proof that his failure to file tax returns on the dates prescribed for the tax years 1993, 1994, and 1995 was due to reasonable cause. Debtor did not cite any new authority in his motion to amend judgment, and the two cases cited by debtor, *In re Sims* [92–1 USTC ¶ 50,510], No. 90–12280–B, 1991 WL 322994 (Bankr. E.D.La.1991) and *In re Hudson Oil Company* [88–2 USTC ¶ 9554], 91 B.R. 932 (Bankr.D.Kan.1988), were considered and discussed by the Court in the oral ruling given on November 9, 1998. Finally, the Court recognizes that the penalties for late filing are harsh, but the Court does not have the authority to reduce or split the penalties. *United States v. Sanford (In re Sanford)* [93–1 USTC ¶ 50,055], 979 F.2d 1511 (11th Cir.1992).

In accordance with the above reasoning, debtor's motion to amend judgment under FED. R. CIV. P. 59(e) is DENIED.