**Edwin and Susan HENRY, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 98CV436/RV.**

United States District Court, N.D. Florida, Pensacola Division.

Aug. 17, 1999.

Gregory D. Smith, Gregory D. Smith PA, Pensacola, FL, for Plaintiffs.

Wendy K. Vann, U.S. Dept. of Justice, Washington, DC, for Defendant.

## ORDER

VINSON, Chief Judge.

Pending is the Government's motion for judgment on the pleadings. (Doc. 22).

## I. FACTUAL BACKGROUND

This is an action for refund of interest and penalties paid by the plaintiffs, Edwin and Susan Henry, in connection with the untimely filing of their personal income tax return for taxable year 1993. The following factual allegations are set out in the complaint and are accepted as true for purposes of the motion for judgment on the pleadings.

At all times relevant to this action, plaintiffs were calendar year taxpayers. Plaintiffs filed for and received an extension until October 15, 1994, for the filing of their 1993 income tax return. On August 15, 1994, plaintiffs provided the signed original of their 1993 income tax return to Jack Herms, the Comptroller of their company (Henry Company Homes, Inc.), to file with the Internal Revenue Service ["IRS"]. As the result of a clerical error, Herms mistook the original of the plaintiff's tax return for a copy to be "filed," and he filed it with the company records instead of forwarding it to the IRS.

At the time, plaintiffs were unaware of the error. Plaintiffs had paid most or all of the income tax they owed for the 1993 tax year by October 15, 1994, the deadline under the extension. On May 3, 1995, Herms discovered that he had failed to file plaintiffs' tax return, and Herms forwarded the original return to the IRS. As the result of the late filing of plaintiffs' tax return, the IRS assessed penalties in the amount of $113,682.32, together with interest in the amount of $46,374.78.

Plaintiffs appealed the penalty and interest assessment administratively through the IRS. Their appeal was denied. On May 14, 1996, plaintiffs paid $160,013.10 which was payment in full for the penalties and interest. On September 25, 1996, plaintiffs filed a claim for refund, using IRS Form 843, "Claim for Refund and Request for Abatement." On November 7, 1996, the IRS denied plaintiffs' claim for refund. Then, on February 12, 1997, plaintiffs filed an amended Form 843 with the IRS. This, too, was denied by the IRS. Both the original and the amended Form 843 stated that the reason plaintiffs failed to file in a timely manner was the misunderstanding involving Herms. On February 26, 1998, the IRS issued a Notice of Disallowance to the plaintiffs, and plaintiffs filed this action.

Plaintiffs ask this court to determine that the penalties and interest assessed were done so erroneously or illegally, or in the alternative, that the interest and penalties assessed were excessive. The defendant now moves for judgment on the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir.1998); *see also* Rule 12(c), Fed.R.Civ.P. In ruling on a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Ortega v. Christian,* 85 F.3d 1521, 1524–25 (11th Cir.1996). A defendant's motion may be granted only if there are no facts under which the plaintiffs are entitled

to relief. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998).

## III. ANALYSIS

The plaintiffs seek a refund of the penalties and interest paid in connection with the late filing of their 1993 tax return on the grounds that the late filing was due to "reasonable cause." Title 26, United States Code, Section 6651(a)(1) provides that late-filing taxpayers may avoid the assessment of penalties and interest if their failure to timely file was **"due to reasonable cause and not due to willful neglect."** (Emphasis added).

The Government first raises the affirmative defense of variance. The Government argues that since the plaintiffs' amended administrative claim for refund requested only the refund of penalties and interest, and did not seek a determination that the amount of the assessed penalty was excessive (or a refund of tax or interest on tax)[1], plaintiffs should be barred from now seeking a determination that the penalties and interest assessed were excessive.

Plaintiffs respond that although they did not specifically assert during the administrative process that the amounts paid were "excessive," the facts upon which this action is based were presented in the two Form 843's filed with the IRS. Plaintiffs argue that to foreclose their ability to seek a determination that the amounts paid were excessive would be to "exalt form over substance."

Under the variance doctrine, taxpayers are obliged in their refund claims to identify the assets at issue and to state why they were treated improperly. *Charter Co. v. United States,* 971 F.2d 1576, 1580 (11th Cir.1992). It is not enough to state a related claim. The policy ground for not allowing previously unraised claims is that the Commissioner lacks the time and resources to perform extensive investi-

---

1. Plaintiffs acknowledge that they are not seeking a refund of the underlying federal income taxes paid for the 1993 tax year.

gations into the precise reasons and facts supporting every taxpayer's claim for refund. *Id.* at 1579–1580.

Under the law of this circuit, a taxpayer must identify the "essential requirements" of each and every refund demand. *Id.* at 1580. The Eleventh Circuit has held that in order to satisfy the "essential requirements" test, a "taxpayer must at least identify the particular assets at issue and state why those assets were treated improperly." *Id.*

■ The plaintiffs' claim for refund was filed on the appropriate IRS form, Form 843 (Claim for Refund and Request for Abatement), and specifically requests that the "penalties and interest . . . should be abated. . . ." (Doc. 1 ex. C). It concludes with a request: "[w]e ask that the Internal Revenue Service abate $113,638.32 in penalties and $46,374.78 in interest and refund the amount directly to us." The term "abatement" is used throughout the Revenue Code, but is not defined. (For example, 26 U.S.C. § 6404 deals exclusively with abatements.) Black's Law Dictionary defines "abatement" as: "a reduction, decrease, or diminution. The suspension or cessation, *in whole or in part,* of a continuing charge such as rent." Black's Law Dictionary (6th ed. 1990) (Emphasis added). Since an "abatement" encompasses a reduction "in whole or in part," the plaintiff's claim on Form 843 is sufficient to have put the Government on notice of plaintiffs' alternative claim for reduction.

Further, it is undisputed that the plaintiffs have not alleged any new grounds in support of their contention that they are entitled to a refund. Both the claim for refund Form 843 and the complaint are factually based upon Jack Herms' error. Thus, no new grounds are alleged, and no new claims are asserted. Consequently, there is no variance to bar plaintiffs' request for a determination that the penalties were excessive.

■ The penalties and interest appear to be unreasonably high for what is seemingly an innocent error, and when all of the underlying tax upon which they are based had been paid in a timely manner (as authorized by the proper extension). However, section 6651 does not, on its face, provide for any discretion in computing the amount of the penalty and imposition of interest. Thus, if the plaintiffs are challenging the amount of the assessment on the grounds that it is excessive, they must be challenging its computation—which has not been alleged—or their claim must be dismissed. The Eleventh Circuit has held that a court may not use its equitable power to reduce the amount of penalties assessed under section 6651 by partially disallowing them. *In re Sanford,* 979 F.2d 1511 (11th Cir.1992). The section 6651 penalties must be waived or imposed "in their entirety." *Id.* at 1514. Thus, under the law of this circuit, plaintiffs are foreclosed from seeking an equitable reduction in the amount of the penalties and interest.[2] Their only avenue of attacking the excessiveness of the penalties and interest is to have them set aside in their entirety for "reasonable cause" and absence of "willful neglect."

Turning now to the real substantive issue involved in this case, the question is simply whether this factual scenario can be resolved by a matter of law or whether it is a factual matter for a jury to determine. The Government contends that, as a matter of law, Jack Herms' failure to file plaintiffs' tax return cannot constitute "reasonable cause" that would excuse the plaintiffs' late filing and allow plaintiffs to avoid the imposition of a penalty under section 6651. In support, the Government cites *United States v. Boyle,* 469 U.S. 241, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), and opinions from federal appellate courts in the Second, Fifth and Seventh Circuits. *McMahan v. Commissioner of Internal Revenue,* 114 F.3d 366 (2nd Cir.1997); *De-*

---

**2.** I recognize that the penalties and interest may be possibly subject to a constitutional challenge, but that is not being made in this case. The plaintiffs simply question the excessiveness, especially in light of the fact that they had timely paid the tax itself.

*nenburg v. United States,* 920 F.2d 301 (5th Cir.1991); *Estate of Fleming v. Commissioner of Internal Revenue,* 974 F.2d 894 (7th Cir.1992).

■ The Supreme Court of the United States has established what it calls a rule "with as 'bright' a line as can be drawn" for application of section 6651(a)(1). *United States v. Boyle,* 469 U.S. 241, 248, 105 S.Ct. 687, 691, 83 L.Ed.2d 622 (1985). To escape a penalty for filing late, a taxpayer bears the "heavy burden of proving both (1) that the failure did not result from 'wilful neglect,' and (2) that the failure was 'due to reasonable cause.'" *Boyle, supra,* 469 U.S. at 245, 105 S.Ct. at 689–90. "Willful neglect" means "a conscious, intentional failure or reckless indifference." *Id.,* 469 U.S. 241, 105 S.Ct. at 690. (internal citations omitted). "Reasonable cause" is defined in the federal regulations to mean "ordinary business care and prudence." 26 C.F.R. § 301.6651–1(c). While this must be an objective factual determination, it is a very strict standard. As the *Boyle* Court noted:

> Congress obviously intended to make absence of fault a prerequisite to avoidance of the late-filing penalty. A taxpayer seeking a refund must therefore prove that his failure to file on time was the result neither of carelessness, reckless indifference, nor intentional failure. Thus, the Service's correlation of "reasonable cause" with "ordinary business care and prudence" is consistent with Congress' intent, and over 40 years of case law as well. *Id.* at 247, 105 S.Ct. at 690, n. 4.

Therefore, the Supreme Court concluded that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under section 6651(a)(1)." *Boyle,* 469 U.S. at 252, 105 S.Ct. at 693.

Although "reasonable cause" is ordinarily a question of fact to be determined by the particular situation in each case, the Supreme Court has addressed how the courts must deal with section 6651(a)(1) cases:

> Whether the elements that constitute "reasonable cause" are present in a given situation is a question of fact, but what elements must be present to constitute "reasonable cause" is a question of law. When faced with a recurring situation ... "the courts of appeal should not be reluctant to formulate a clear rule of law to deal with that situation."

*Boyle,* 469 U.S. at 249, n. 8, 105 S.Ct. at 692 n. 8 (citations omitted).

It is undisputed that the plaintiffs knew their filing deadline. Plaintiffs alleged that they reviewed their tax return, signed it, then delivered it to the controller of their company (their "agent" for purposes of this action), who mistakenly believed that they were providing him with a copy of their tax return to file with the corporation's records. Plaintiffs attribute the failure to file solely to "Mr. Herms' misunderstanding." The plaintiffs paid the amount of taxes due before the filing deadline. The Supreme Court has expressly ruled that, as a matter of law, reliance on an agent is not "reasonable cause" for a late filing.

In an attempt to get around the holding of *Boyle,* plaintiffs rely on *Willis v. Commissioner of Internal Revenue,* 736 F.2d 134 (4th Cir.1984). In *Willis,* the taxpayer hired an accounting firm to assist him in the preparation of his tax return, just as he had done in previous years. *Id.* at 138. After the return had been prepared, the taxpayer signed and dated it and then gave it to his secretary-comptroller with directions to "draw and endorse a company check to cover his tax liability, withdraw that amount from his personal account, and then mail the return to the IRS." *Id.* However, the return was subsequently mislaid and was not submitted in a timely fashion. The Fourth Circuit Court of Appeals recognized that most other circuits had construed the phrase "reasonable cause" narrowly, but decided not to en-

dorse the idea that the applicable statutes and regulations "mandate a per se refusal to excuse any inadvertent errors." *Id.* at 139. Instead, the court stated:

> By considering a taxpayer's past history of timely tax filings, a taxpayer's exercise of careful business prudence in contacting capable and bona fide assistance from tax experts if reasonably necessary, a taxpayer's full disclosure of all relevant tax information to that expert, and a taxpayer's diligent efforts to ensure that the preparation of the tax return is completed, a court can find that an inadvertent error resulting in a late filing constitutes reasonable cause for purposes of IRC section 6651(a)(1) while assuring itself that equity for all parties is done. *Id.* at 139–40.

The decision in *Willis,* however, predates and is in direct conflict with the Supreme Court's holding in *Boyle,* in which the Court unambiguously concluded that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under section 6651(a)(1)." *Boyle,* 469 U.S. at 252, 105 S.Ct. at 693. Thus, *Boyle* has overruled *Willis.* In addition, *Willis* also conflicts with the pre-*Boyle* law of this circuit. The former Fifth Circuit held in 1979 that even "reliance on tax advisors is not reasonable cause for failure to file a return on time; the responsibility for assuring a timely filing is the taxpayer's." *Millette & Associates, Inc. v. Commissioner of Internal Revenue,* 594 F.2d 121, 124–25 (5th Cir.1979).

▪ In this case, the comptroller was instructed to "file" the plaintiffs' return. For whatever reason, the term "file" was misconstrued by the comptroller. If the plaintiffs in this case had provided a clearer instruction to their agent, their return would have apparently been timely filed and no penalties would have ever been assessed. However, that did not occur. As the *Boyle* Court stated: "[t]o say that it was reasonable for the [taxpayer] to assume that [their agent] would comply with the statute may resolve the matter as between them, but not with respect to the [taxpayer's] liability under the statute." *Boyle,* 469 U.S. at 250, 105 S.Ct. at 692. Thus, the plaintiffs reliance on the agent to file their return is insufficient to constitute "reasonable cause." As a matter of law, under the undisputed facts alleged, the plaintiffs cannot establish a claim for relief under section 6651(a)(1). Accordingly, the Government is entitled to a judgment on the pleadings. The Clerk shall enter judgment for the Government and against the plaintiff, together with taxable costs.