**BELZ INVESTMENT COMPANY, INC.,**
**Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 80–1149.**

United States Court of Appeals,
Sixth Circuit.

Oct. 5, 1981.

Tommy H. Jagendorf, Memphis, Tenn., for petitioner-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert Andrews, Tax Div., U.S. Dept. of Justice, Washington, D. C., William S. Estabrook, Philip I. Brennan, N. Jerold Cohen, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before: KEITH and MARTIN, Circuit Judges, and DUNCAN,* District Judge.

## ORDER

During 1969 petitioner, Belz Investment Co., Inc. (Belz) accepted specifications from Miller-Wohl Co., Inc. (Miller-Wohl) for three Welles Department Stores on property which Belz owned in Memphis, Tennessee. The three structures were designed solely for occupancy by a Welles Department Store. Construction was completed on the three buildings by June, 1972.

On September 28, 1972, Miller-Wohl, the owner of the three Welles Department Stores, filed a petition in federal court for an arrangement under Chapter XI of the Bankruptcy Act. Miller-Wohl filed a second petition in bankruptcy court requesting a stay to prevent creditors from proceeding against any property which Welles Department Stores possessed.

On or about February 7, 1973, Miller-Wohl vacated all three premises. The unique design of the buildings frustrated attempts to find replacement tenants.

On June 18, 1973, Belz filed a proof of claim for rent due under the three leases in the Miller-Wohl bankruptcy proceedings. In the following weeks, Belz and Miller-Wohl met and discussed the cost of remodeling the properties.

By letter dated August 22, 1973, Belz offered to release Miller-Wohl from any and all claims under the leases in return for a cash payment of $750,000.00. Miller-Wohl accepted the settlement offer, the district court authorized the settlement, and the money was paid to Belz. Belz used $60,037.46 of the settlement to pay various taxes on the Miller-Wohl stores. The remaining $689,962.54 was allocated in equal amounts between each of the stores.

On its 1973 consolidated federal income tax return, Belz did not include as income the $689,962.54 it received in settlement of its general claim against Miller-Wohl. Respondent, the Commissioner of Internal Revenue, determined that the entire $750,000.00 received as a gross rent in settlement of Belz's claim for rent was taxable income.

In the U.S. Tax Court, Belz argued that it had no right to the settlement moneys and that the money represented the damage to its capital investment. The Tax Court made detailed findings of fact and conclusions of law. *Belz Investment Co. v. Commissioner of Internal Revenue*, 72 T.C. 1209 (1979). On the basis of its findings, the Tax Court rejected Belz's arguments. So do we. Accordingly, we affirm the decision of the Tax Court.

---

* Hon. Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.