T.C. Memo. 1996-492

UNITED STATES TAX COURT

FRED WILLIE THOMAS, Jr., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13010-94.                    Filed November 4, 1996.

<u>Donna M. Meek</u>, for petitioner.

<u>Michael D. Zima</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

Respondent determined deficiencies in and additions to
petitioner's Federal income taxes as follows:

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

|       |            | Additions to Tax | |
|       |            | Sec. | Sec. |
| Year  | Deficiency | 6651(a)(1) | 6654(a) |
| 1987  | $3,446     | $862       | $186    |
| 1988  | 3,724      | 931        | 238     |
| 1989  | 5,137      | 1,284      | 347     |

The issues for decision are: (1) Whether petitioner earned self-employment income[2] during the 1987, 1988, and 1989 taxable years in the amounts determined by respondent, and (2) whether petitioner is liable for additions to tax under sections 6651 and 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Morriston, Florida, at the time he filed his petition.

Background

In late 1978 or early 1979, petitioner started Fred Thomas Tile Service, a sole proprietorship engaged in the installation of ceramic tile for residences. Petitioner continued this business during the years in issue and until its termination in 1993. Petitioner employed his brother, Lorenzo Thomas, as a tile setter from early 1987 through late 1989. Petitioner continued to manage the business during this time period.

---

[2]Petitioner has the burden of proving that any income he received for his services related to work performed as an employee rather than from self-employment. Green v. Commissioner, T.C. Memo. 1996-107. Petitioner has not addressed this issue. Consequently, to the extent we find that petitioner received income for his services, such income is self-employment income.

Petitioner did not make estimated tax payments and did not file individual Federal income tax returns for 1987, 1988, and 1989. Respondent received information returns from several payors indicating that petitioner had earned self-employment income in 1987, 1988, and 1989 in the respective amounts of $9,525, $15,223, and $20,551. On April 22, 1994, respondent issued to petitioner a notice of deficiency for the years at issue.

Respondent reconstructed petitioner's income during the years in issue using either the information returns or Bureau of Labor Statistics. The Bureau of Labor Statistics represent estimates of petitioner's annual living expenses. For 1987, 1988, and 1989, the respective amounts from the Bureau of Labor Statistics are $14,693, $15,671, and $16,814. For the years in issue, respondent determined that petitioner had self-employment income equal to the greater of petitioner's annual living expenses (as determined from the Bureau of Labor Statistics) or the amount of self-employment income reported on the information returns. Thus, respondent determined that petitioner had self-employment income in 1987, 1988, and 1989, in the respective amounts of $14,693, $15,671, and $20,551.

Discussion

1. Reconstruction of Income

Where, as here, a taxpayer fails to maintain adequate books and records as required by section 6001, the Commissioner may

reconstruct the taxpayer's income using any method that clearly reflects income. Sec. 446(b); <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 687, 693 (1989); <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831 (1965); <u>Sutherland v. Commissioner</u>, 32 T.C. 862 (1959). The method of reconstructing income may be indirect and need only be reasonable in light of all surrounding circumstances. <u>Holland v. United States</u>, 348 U.S. 121 (1954); <u>Giddio v. Commissioner</u>, 54 T.C. 1530, 1533 (1970); <u>Schroeder v. Commissioner</u>, 40 T.C. 30, 33 (1963).

Respondent reconstructed petitioner's income for the years at issue using the source and application of funds method. This method has long been regarded as a reasonable method of determining income. See <u>United States v. Johnson</u>, 319 U.S. 503, 517-518 (1943); <u>Meier v. Commissioner</u>, 91 T.C. 273, 295-296 (1988). The source and application of funds method is based on the assumption that the amount by which the taxpayer's applications of funds exceed his known sources of funds is taxable income, unless the taxpayer can show his expenditures were made from some nontaxable source of funds. See <u>Taglianetti v. United States</u>, 398 F.2d 558, 562 (1st Cir. 1968), affd. 394 U.S. 316 (1969).

The Commissioner's analysis should be adjusted, however, whenever the taxpayer demonstrates: (1) The analysis does not reflect, as a nontaxable source of income, funds accumulated from prior taxable years and expended during the current year, or (2)

the analysis includes, as an application of funds, amounts that do not reflect expenditures made by the taxpayer during the year. Chandler v. Commissioner, T.C. Memo. 1996-51.

In the instant case, respondent used the Bureau of Labor Statistics as a proxy for petitioner's application of funds (i.e., expenditures). We have previously approved this type of use when reconstructing a taxpayer's income. See Giddio v. Commissioner, supra at 1533.

Petitioner essentially contends that the self-employment income reported on the information returns represents the total gross receipts of Fred Thomas Tile Service during the years in issue. Petitioner contends that after paying all business expenses (including paying Lorenzo Thomas for his labor), his business either broke even or lost money, and, therefore, he had no "income" during the years in issue. In the absence of any evidence to corroborate this claim, we are unpersuaded.

Petitioner testified that he maintained records of all business transactions, yet he did not provide any books or records of the business during respondent's audit or before this Court. Petitioner indicated that all business receipts were deposited into and all business expenses were paid from a business checking account, yet he did not submit the bank statements into evidence. Petitioner did not submit into evidence any check stubs, canceled checks, or Forms W-2 indicating the amount of wages paid to Lorenzo Thomas. With no

evidence to support his claim, we are not convinced that petitioner's business expenses equaled or exceeded income during the years in issue.  Nor are we convinced that the self-employment income reported on the information returns represents the total gross receipts of petitioner's business for each year.[3]

Petitioner asserts that he earned no income during the years in issue because all income from his business was earned and reported by Lorenzo Thomas.  Petitioner testified that a back injury prevented him from doing any of the actual tile setting during the three years in issue.  Therefore, petitioner asserts, Lorenzo Thomas performed all the tile setting and earned all the income from the business.

Petitioner did not offer medical records or any other evidence to corroborate his claim that a back injury prevented him from working during the years in issue.  We also note that during the audit of petitioner's returns he did not mention that he had a back injury and did not assert that Lorenzo Thomas earned all the income from the business.  We hold that petitioner has failed to show that he had business expenses that equaled his income during the years in issue.

Petitioner also contends that he did not make the personal expenditures attributed to him by respondent during the years in

_____

[3]Section 6041(a) requires a payor to issue a Form 1099-MISC to a nonemployee payee (as well as to respondent) regarding remuneration for services only when such remuneration equals or exceeds $600 in any taxable year.

issue because his then wife, Ora Mae Thomas, supported him, herself, and their daughter. Based on the facts in the record, however, we find this claim implausible. The Bureau of Labor Statistics indicate that a three-member household incurred average annual living expenses during 1987, 1988, and 1989 in the respective amounts of $28,549, $30,446, and $32,643. Ora Mae Thomas earned wage income during 1987, 1988, and 1989 in the respective amounts of $10,434.79, $5,705.21, and $12,762.00. That she could support a three-member household on such a meager income seems unlikely.

Accordingly, we find that petitioner earned self-employment income in the amounts determined by respondent for the years in issue.

## 2. Additions to Tax Under Section 6651(a)(1)

Respondent determined an addition to tax under section 6651(a)(1) for each year in issue, asserting that petitioner failed to file Federal income tax returns. In order to avoid this addition to tax, petitioner must prove that his failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); In re Sanford, 979 F.2d 1511, 1512 (11th Cir. 1992). A failure to file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return within the prescribed time. In re Sanford, supra at 1514; sec.

301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245.

Petitioner testified that his tax preparer, Beatrice Corey of Bee's Income Tax Service, advised him that he need not file a return for the years in issue. Therefore, petitioner argues, his failure to file was due to reasonable cause.

The responsibility to file returns and pay tax when due rests upon the taxpayer and cannot be delegated; in general, the taxpayer must bear the consequences of any negligent errors committed by its agent in that regard. Logan Lumber Co. v. Commissioner, 365 F.2d 846, 854 (5th Cir. 1966), affg. on this issue T.C. Memo. 1964-126; Pritchett v. Commissioner, 63 T.C. 149, 173-175 (1974); Abernathy v. Commissioner, T.C. Memo. 1992-237.

There is a well-recognized, albeit narrow, exception to the rule that responsibility for filing accurate returns cannot be delegated. When the taxpayer selects a competent tax adviser and supplies him with all relevant information, it is consistent with ordinary business care and prudence to rely upon his professional judgment as to the taxpayer's tax obligations. United States v. Boyle, supra at 250-251; Commissioner v. American Association of Engrs. Employment, Inc., 204 F.2d 19 (7th Cir. 1953); Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 771 (2d Cir. 1950), modifying 12 T.C. 735 (1949). In order to qualify for

this exception the taxpayer must demonstrate that: (1) The tax adviser or return preparer had sufficient expertise to justify reliance, Zabolotny v. Commissioner, 97 T.C. 385, 401-402 (1991), affd. in part and revd. in part on other grounds 7 F.3d 774 (8th Cir. 1993), (2) the taxpayer provided necessary and accurate information, Coldwater Seafood Corp. v. Commissioner, 69 T.C. 966, 974 (1978), and (3) the taxpayer actually relied in good faith on the tax adviser's or return preparer's judgment, New York State Association of Real Estate Bds. Group Ins. Fund v. Commissioner, 54 T.C. 1325, 1336 (1970); Kenner v. Commissioner, T.C. Memo. 1974-273.

Petitioner has not shown that he qualifies for this exception. First, there is no evidence in the record that Ms. Corey possessed, or reasonably appeared to possess, sufficient relevant expertise to warrant reliance on her judgment. Petitioner offered no evidence whatsoever regarding her qualifications as a tax adviser. Second, petitioner did not provide complete and accurate information to Ms. Corey. Petitioner indicated to Ms. Corey that he had no income during the years in issue. In light of our previous holding that petitioner earned self-employment income from his business, we find that he did not fully disclose all relevant facts to his tax adviser. Third, petitioner has not established that his failure to file returns was in fact based on advice from Ms. Corey.

Accordingly, petitioner has not carried his burden of proving reasonable reliance on a qualified tax adviser.

On brief, petitioner further argues that he had reasonable cause for not filing returns because determining the proper taxpayer to report the income from the tile setting business was a complex legal issue. Even though several payors filed information returns reporting that petitioner earned self-employment income, petitioner contends that he believed Lorenzo Thomas was the proper taxpayer, given that Lorenzo Thomas performed all of the actual tile setting.

In some cases taxpayers have succeeded in avoiding additions to tax by showing that the deficiency resulted from an honest and reasonable misunderstanding of complex law. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987) (no negligence for purposes of sec. 6653(a)); Yelencsics v. Commissioner, 74 T.C. 1513, 1533 (1980) (same); Belz Inv. Co. v. Commissioner, 72 T.C. 1209, 1233-1234 (1979), affd. 661 F.2d 76 (6th Cir. 1981) (same).

Petitioner's situation does not present a complex legal issue reasonably susceptible of different interpretations. Petitioner earned income from his tile setting business that he simply failed to report. Petitioner has failed to demonstrate the existence of a situation that only a very sophisticated taxpayer could reasonably be expected to comprehend.

We conclude that petitioner has not shown that his failure to file returns for the years at issue was due to reasonable

cause and not due to willful neglect.  Accordingly, we sustain respondent's determination that he is liable for additions to tax under section 6651(a)(1).

## 3.  Additions to Tax Under Section 6654

Respondent determined an addition to tax under section 6654 for each year in issue, asserting that petitioner failed to pay estimated tax.  This addition to tax is mandatory unless petitioner proves that he has met one of the exceptions contained in section 6654.  In re Sanford, 979 F.2d at 1514; Recklitis v. Commissioner, 91 T.C. 874, 913 (1988).  Because petitioner has failed to do so, we sustain respondent on this issue.

To reflect the foregoing,

Decision will be entered

for respondent.