T.C. Summary Opinion 2009-179

UNITED STATES TAX COURT

SALLY KIRSHENBAUM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13022-08S.                    Filed December 1, 2009.

Sally Kirshenbaum, pro se.

<u>Louise R. Forbes</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2002 of $13,124, as well as an addition to tax under section 6651(a)(1) of $2,229.97, an addition to tax under section 6651(a)(2) of $2,477.75, and an addition to tax under section 6654 of $319.24.

Respondent conceded the addition to tax under section 6654; thus, the issues for decision are:

(1) Whether petitioner may file a joint tax return with her husband;

(2) whether petitioner is entitled to two dependency exemption deductions;

(3) whether petitioner is liable for the addition to tax for failure to timely file under section 6651(a)(1); and

(4) whether petitioner is liable for the addition to tax for failure to pay under section 6651(a)(2).

Background

All of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Rhode Island when the petition was filed. At all relevant times, petitioner has been married and has resided with her spouse.

For 2002, the taxable year in issue, petitioner did not file a request for an extension of time for filing a return, see sec. 6081(a), nor did petitioner timely file a return, see sec. 6072(a).

For 2002 petitioner's husband filed a Form 1040, U.S. Individual Income Tax Return, with the filing status of single on August 9, 2004. Petitioner's husband claimed the standard deduction and a personal exemption on that return. Petitioner had no knowledge of that return.

On November 19, 2007, respondent prepared a substitute for return under section 6020(b). Thereafter, on February 25, 2008, respondent sent petitioner a notice of deficiency. Respondent's deficiency determination was principally attributable to petitioner's failure to report wages and interest of $70,991. Respondent allowed petitioner a personal exemption for herself and the standard deduction and accorded her the filing status of single.

After receiving the notice of deficiency for 2002, petitioner, on April 7, 2008, submitted to respondent a Form 1040 claiming the filing status of married filing jointly. Petitioner claimed itemized deductions and dependency exemption deductions for her daughter and father on this return. Respondent did not accept this return because it was a joint return.

On May 28, 2008, petitioner timely filed a petition with the Court for redetermination of the deficiency. In the petition, petitioner stated that her husband handled the family finances and had fallen ill in 2002. Petitioner stated she was willing to pay the tax due, but prayed for relief from the additions to tax.

Discussion

## A. Burden of Proof

We begin by noting that the submission of a case fully stipulated does not alter the burden of proof, the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof. Rule 122(b).

As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner has not alleged that section 7491 applies, nor did she introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

Section 7491(c) provides that the Commissioner bears the burden of production with respect to an addition to tax. To meet

this burden, the Commissioner must introduce evidence indicating that it is appropriate to impose the relevant addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer bears the burden to produce evidence regarding reasonable cause. Id. at 446-447. Respondent has met his burden. E.g., Cabirac v. Commissioner, 120 T.C. 163, 170-173 (2003).

Further, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

B. Joint Tax Return

In general, section 6013(a) entitles married taxpayers to make a joint income tax return. Section 6013(b)(1) further provides as a general rule that even where a taxpayer has filed a separate return for a taxable year and the time prescribed for filing has expired, the taxpayer may nevertheless make a joint return with his or her spouse for such taxable year.

However, the election under section 6013(b)(1) may not be made after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse). Sec. 6013(b)(2)(A). Section 6072(a) provides

that individual income tax returns for calendar year taxpayers must be filed on or before April 15 following the close of the calendar year. Thus, a 2002 tax return is timely filed on or before April 15, 2003. To fall within section 6013(b)(2)(A), petitioner had to file a joint return on or before April 15, 2006. Petitioner did not submit a joint tax return to respondent until April 7, 2008, nearly 2 years after the time prescribed by section 6013(b)(2)(A).

In addition, no election under section 6013(a)(1) may be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed by section 6213". Sec. 6013(b)(2)(B). The notice of deficiency was mailed to petitioner on February 25, 2008, before the submission of the April 7, 2008 joint return, and a petition with the Tax Court was timely filed on May 28, 2008.

Therefore, petitioner is precluded from filing a joint return for 2002.[2]

C. Dependency Exemption Deductions

Petitioner claims she is entitled to two dependency exemption deductions, one each for her daughter and father.

---

[2] Although he could have, respondent chose not to seek an increased deficiency by applying the tax rates applicable to married individuals filing separately.

As pertinent here, a taxpayer is entitled to a dependency exemption deduction for each dependent (as defined in section 152) whose gross income for the taxable year is less than the exemption amount. Sec. 151(c)(1)(A). The exemption amount for 2002 was $3,000. Sec. 151(d)(1), (4); Rev. Proc. 2001-59, sec. 3.11, 2001-2 C.B. 623, 626. Section 152(a) provides that the term "dependent" means an individual over half of whose support for the year was received from the taxpayer. "Dependent" may include a taxpayer's child or parent. Sec. 152(a)(1), (4).

In order to prove that a taxpayer provided more than half the support of her dependents, she must establish the entire amount expended for their support from all sources. Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971). In addition, the taxpayer must demonstrate that the dependents' gross income did not exceed the exemption amount. Sec. 151(c)(1)(A), (d)(1), (4).

The record is devoid of any evidence regarding the total amount spent for the support of petitioner's father and daughter (by petitioner and from other sources) or the gross income of petitioner's father and daughter for 2002. Although we do not doubt that petitioner may have contributed to the support of her father and daughter, petitioner failed to show the extent of such support and the gross income, if any, of her father and daughter. On the basis of the record, we decline to accept petitioner's

unsupported assertion that she is entitled to the dependency exemption deductions claimed.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Accordingly, petitioner is not entitled to a dependency exemption deduction for her father or daughter for 2002.

D.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date.  The addition equals 5 percent for each month or fraction thereof that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).  Under section 6651(g)(1), a return prepared by the Secretary under section 6020(b) is disregarded for purposes of the section 6651(a)(1) addition to tax.

In the absence of an extension, the last date for petitioner to have filed her Federal income tax return for taxable year 2002 was Tuesday, April 15, 2003.  Sec. 6072(a).  Petitioner's 2002 Form 1040 was not submitted, however, until April 7, 2008.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect."  McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547.  A showing of reasonable cause requires a taxpayer to show that she exercised "ordinary business care and prudence" but was nevertheless unable to file the return

within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

A taxpayer may have reasonable cause for failure to timely file a return where the taxpayer or a member of the taxpayer's family experiences an illness or incapacity that prevents the taxpayer from filing his or her return.  See, e.g., United States v. Sanford, 979 F.2d 1511 (11th Cir. 1992) (holding that reasonable cause may be found if a taxpayer convincingly demonstrates that a disability beyond his control rendered him unable to exercise ordinary business care).  The type of disability required is "one that because of severity or timing makes it virtually impossible for the taxpayer to comply--things like emergency hospitalization or other incapacity occurring around tax time."  Carlson v. United States, 126 F.3d 915, 923 (7th Cir. 1997).

Although we recognize that petitioner's husband may have been ill during 2002, petitioner did not explain how this illness prevented her from exercising ordinary business care and prudence.

On the basis of the record before us, we therefore conclude that petitioner did not demonstrate that her failure to timely file a tax return was due to reasonable cause and not willful neglect.  See sec. 301.6651-1(c), Proced. & Admin. Regs.

Thus, petitioner is liable for the addition to tax under section 6651(a)(1).

E.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the return on or before the date prescribed for payment of that tax, unless the failure was due to reasonable cause and not willful neglect.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Under section 6651(g)(2), a return prepared by the Secretary under section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2).  A taxpayer may demonstrate cause for late payment by showing that she exercised ordinary business care and prudence in providing for payment of her tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship if she paid on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner did not, however, argue any set of facts or circumstances that would lead the Court to find that she exercised ordinary business care and prudence in providing for timely payment of her tax liability or that she would have suffered undue hardship if she had paid the tax in full on its due date, April 15, 2003.  See secs. 6072(a), 6151(a); sec. 301.6651-1(c), Proced. & Admin. Regs.

Consequently, petitioner is liable for an addition to tax under section 6651(a)(2).

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency and the additions to tax under section 6651(a)(1) and (2), and for petitioner as to the addition to tax under section 6654</u>.