T.C. Memo. 2003-73

UNITED STATES TAX COURT

JEROME EDWARD BROWN AND MARY L. SMITH BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3685-01L.                    Filed March 13, 2003.

Jerome Edward Brown, pro se.[1]

Gerard Mackey, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6330(d),[2] petitioners
seek review of respondent's determination to proceed with
collection of their 1995, 1996, and 1997 tax liabilities.

---

[1]  Petitioner Mary L. Smith Brown did not appear at trial.

[2]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The deemed admissions, the stipulation of facts, and the attached exhibits are incorporated herein by this reference.[3] At the time they filed the petition, petitioners resided in Pelham, New York.

During 1995, 1996, and 1997, on his Form W-4, Employee's Withholding Allowance Certificate, petitioner Jerome Edward Brown (Mr. Brown) claimed exemptions exceeding the number petitioners were entitled to claim on their 1995, 1996, and 1997 tax returns. Accordingly, insufficient taxes were withheld from his wages. Mr. Brown did this because he "needed the income" during the years in issue as he was in school full time, supporting his wife and three children, and his wife was not working.

Petitioners did not timely file their 1995, 1996, or 1997 tax returns.

On July 8, 1998, respondent prepared a substitute for return for petitioners' 1996 income taxes.

---

[3] Petitioners stipulated and are deemed to have admitted: (1) They are liable for the addition to tax pursuant to sec. 6651(a)(1) for 1995 and 1997; (2) they are liable for the addition to tax pursuant to sec. 6651(a)(2) for 1995; (3) they are liable for the unabated amounts of the additions to tax pursuant to sec. 6651(a)(1) and (2) for 1996; (4) they are liable for the unabated amounts of the addition to tax pursuant to sec. 6651(a)(2) for 1997; (5) they are not entitled to an abatement of interest for 1995; and (6) they are not entitled to any additional abatement of interest for 1996 or 1997.

On or about October 3, 1998, respondent issued to petitioners a statutory notice of deficiency with respect to petitioners' 1996 income taxes. Petitioners received this statutory notice of deficiency. Petitioners did not petition the Court regarding the deficiency respondent determined for 1996.

On April 12, 1999, respondent assessed income tax of $7,382 and additions to tax pursuant to section 6651(a)(1) and (2) and section 6654 for 1996.

Subsequent to respondent's assessment for 1996, respondent received petitioners' delinquent tax returns for 1995, 1996, and 1997.

Petitioners' 1995 tax return reported $3,064 of tax due. Petitioners were not entitled to a withholding credit for 1995. Petitioners did not remit payment when they filed their 1995 tax return.

Based on petitioners' 1996 tax return, respondent:

(1) Abated $3,831 of petitioners' income tax assessment, a portion of the additions to tax pursuant to section 6651(a)(1) and (2), and the addition to tax pursuant to section 6654 for 1996;

(2) allowed petitioners an additional withholding credit of $806 for 1996; and

(3) abated $808 of assessed interest for 1996.

A withholding credit and payment submitted with petitioners' 1997 tax return fully paid the tax shown on the return.

On October 25, 1999, approximately 1 month after receiving petitioners' 1997 return, respondent assessed additions to tax pursuant to section 6651(a)(1) and (2) for 1997.

Petitioners timely requested a hearing pursuant to section 6330 with respect to a notice of intent to levy regarding petitioners' income tax liabilities for 1995, 1996, and 1997.[4]

An Appeals officer and Mr. Brown had a section 6330 hearing (hearing) via telephone. At the hearing, petitioners did not dispute their underlying liabilities. At the hearing, petitioners requested that interest be abated and respondent accept less than the full amount owed (i.e., not seek to collect the additions to tax and interest). Petitioners and the Appeals officer discussed alternatives to collection by levy.

On February 28, 2001, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioners regarding their 1995, 1996, and 1997 tax years (notice of determination). In the notice of determination, respondent determined petitioners were entitled to a partial abatement of the assessed section 6651(a)(2) addition to tax and the associated interest for 1996 and 1997. Respondent's determination also provided:

---

[4] Neither petitioners' request for a hearing nor the notice of intent to levy was made part of the record because respondent's files were destroyed along with World Trade Center Building No. 7 in the Sept. 11, 2001, terrorist attack on the United States.

I also reclassified the claim from an Equivalent
Hearing to a Collection Due Process Hearing. However,
you did not submit an amended return for 1996, nor did
you return the Installment Agreement form. These were
your alternatives to the proposed levy action. Without
your cooperation, the determination of the ACS function
is being upheld. The case file will be returned to
them for all appropriate action.

After receiving the notice of determination, on the advice
of the Appeals officer, petitioners made payments on their tax
liability to respondent. Mr. Brown sent respondent seven checks
and one money order totaling $850.

Petitioners' balances for the years in issue were:

| Year | As of | Outstanding Balance |
|------|-------|---------------------|
| 1995 | 8/13/2001 | $4,127.50 |
| 1996 | 10/22/2001 | 2,773.44 |
| 1997 | 6/4/2001 | 108.17 |

When this case was called for trial, petitioners failed to
appear. The Court set the case for recall during the second week
of the calendar in order to give petitioners an opportunity to
have their day in Court. Mr. Brown appeared at the recall.

OPINION

Petitioners do not dispute that the amount of the tax,
additions to tax, and interest assessed are correct. Pursuant to
the stipulations and deemed admissions, petitioners have conceded
their claim for interest abatement.

Petitioners argue that respondent should accept less than
the full amount of their liabilities because the additions to tax
and interest are too much for petitioners to pay on Mr. Brown's

salary as he is the sole income earner supporting his wife and children. Where the validity of the underlying tax liability is not properly in issue, we review respondent's determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Based on petitioners' late-filed 1996 tax return, respondent abated a portion of petitioners' income tax, additions to tax, and interest for 1996. As a result of the hearing, respondent further abated a portion of the section 6651(a)(2) addition to tax and interest for 1996 and 1997.

Petitioners simply do not want to pay the additions to tax and interest associated with their failure to timely file and failure to timely pay. Petitioners did not submit an offer-in-compromise or an installment agreement to respondent. Respondent gave due consideration to the collection alternatives raised by petitioners and accepted them in part (i.e., respondent determined petitioners were entitled to a partial abatement of the assessed section 6651(a)(2) addition to tax and the associated interest for 1996 and 1997). We conclude that respondent's determination was reasonable.

Petitioners have failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4). Accordingly, we conclude that respondent did not

abuse his discretion, and we sustain respondent's determination.[5]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[5] We note that petitioners claim that their account does not reflect the $850 of payments Mr. Brown made to respondent after receiving the notice of determination. Three letters petitioners received from respondent, dated near to or shortly after the dates on the last three checks Mr. Brown submitted to respondent, indicate that respondent applied amounts totaling $850 to reduce petitioners' outstanding 1995 and 1996 tax liabilities.