**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SERVICE EMPLOYEES INTERNATIONAL
UNION, 100 OAK STREET
CORPORATION,
            *Plaintiffs-Appellees,*

v.

UNITED STATES OF AMERICA, UNITED
STATES INTERNAL REVENUE SERVICE,
            *Defendants-Appellants.*

No. 07-17256

D.C. No.
3:05-cv-04189-JL

SERVICE EMPLOYEES INTERNATIONAL
UNION, 100 OAK STREET
CORPORATION,
            *Plaintiffs-Appellants,*

v.

UNITED STATES OF AMERICA,
            *Defendant-Appellee.*

No. 08-16105

D.C. No.
3:05-cv-04189-JL

OPINION

Appeal from the United States District Court
for the Northern District of California
James Larson, Chief Magistrate Judge, Presiding

Argued and Submitted
April 14, 2009—San Francisco, California

Filed March 17, 2010

Before: Thomas G. Nelson, Andrew J. Kleinfeld and
Milan D. Smith, Jr., Circuit Judges.

4349

Opinion by Judge Kleinfeld

**COUNSEL**

Nathan J. Hochman, Assistant Attorney General, Robert W. Metzler, Ivan C. Dale (argued), Tax Division, Department of Justice, Washington, DC; Joseph P. Russoniello, United States Attorney, San Francisco, California; for the United States of America (appellant in 07-17256 and appellee in 08-16105).

William E. Taggart, Jr., Oakland, California, for Service Employees International Union and 100 Oak Street Corporation (appellees in 07-17256 and appellants in 08-16105).

## OPINION

KLEINFELD, Circuit Judge:

We address whether penalties on tax exempt organizations for late filing of informational returns may be reduced by district courts as a matter of discretion. We conclude that they may not be.

## I.    Facts.

Labor unions do not have to pay income or other federal taxes.[1] But they do have to file informational returns disclosing their income, disbursements, etc.[2] Service Employees International Union ("SEIU") and its subsidiary 100 Oak Street Corporation ("Oak Street", SEIU's Oakland address) are labor organizations enjoying the tax exemption and burdened by the return requirement.

SEIU filed its 1999 informational return twenty months late, and Oak Street filed its 1998 informational return four months late. The IRS applied a statutory formula based on the length of delay and gross receipts, and imposed the penalties provided for by the statute.[3] SEIU had gross receipts of $11 million, Oak Street under $1 million, and the statutory formula generated penalties of $50,000 on the union and $2,460 on Oak Street. Neither SEIU nor Oak Street paid their penalties. The IRS sent to each a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing." The union and Oak Street each requested a "collection due process hearing" as provided for by statute with the IRS Office of Appeals.[4] They argued that the late filing should be excused for reasonable

---

[1] 26 U.S.C. § 501(a), (c)(5).

[2] Labor unions must file IRS Form 990. 26 U.S.C. § 6033(a)(1); 26 C.F.R. § 1.6033-2(a).

[3] 26 U.S.C. § 6652(c)(1)(A).

[4] *Id.* § 6330(a).

cause, because although their accountant had sent the returns in time for timely filing, and they had signed the returns months or years before they sent them for filing, their failure to send them in resulted from some sort of administrative oversight. They also argued that the penalties, $50,000 for the SEIU and $2,460 for Oak Street, were excessive. The IRS denied relief, noting various problems with the union's arguments, including lack of personal knowledge by one if its two affiants, absence of signatures on the affidavits by both affiants, and multiple delays.

SEIU and Oak Street did not pay the penalties or make offers in compromise.[5] Instead, they appealed to the United States Tax Court, seeking to overturn the IRS's decisions.[6] The Tax Court dismissed their appeals for lack of jurisdiction.[7] They then appealed to the district court for review of the IRS determinations.[8] They argued that the penalties should not have been imposed because they had "reasonable cause" under the statute[9] and even if not, should be reduced. On cross motions for summary judgment, the district court concluded that there was no "reasonable cause," but that as a matter of discretion the IRS should have reduced the penalties. The district court entered judgment in favor of the IRS, but for only 25% of the $50,000 penalty on SEIU and 50% of the $2,460 penalty on Oak Street, a net of $13,730 for the two of them ($12,500 for SEIU and $1,230 for Oak Street) instead of $52,460. The district court denied the IRS any prejudgment interest, but denied costs to the union and Oak Street.

---

[5]*See id.* § 7122; 26 C.F.R. § 301.7122-1.

[6]26 U.S.C. § 6330(d)(1)(A) (2000). The statute was amended in 2006 to remove subparts (A) and (B) from § 6630(d)(1). Pension Protection Act of 2006, Pub. L. 109-280, 120 Stat. 1019, § 855(b) (Aug. 17, 2006).

[7]*Serv. Employees Int'l Union v. Comm'r*, 125 T.C. 63 (2005).

[8]26 U.S.C. § 6330(d)(1)(B) (2000).

[9]26 U.S.C. § 6652(c)(4).

The IRS appeals the reduction in the amounts of the penalties and argues that in its capacity as an appellate court, the district court had no jurisdiction to enter a money judgment. The union and Oak Street cross appeal the district court order denying them a costs award. The union does not cross appeal the district court rejection of its claim that its delay was excused by "reasonable cause."

## II.   Analysis.

We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo.[10]

The IRS argues that the amount of penalty is not subject to discretion. It is right.

[1] The statute provides a formula, $20 a day times the number of days of delay, subject to a ceiling, for exempt organizations with receipts not exceeding $1 million, or $100 a day if gross receipts exceed $1 million.[11] The ceiling is the lesser of $10,000 or 5% of gross receipts for tax exempt organizations with gross receipts of no more than $1 million, and $50,000 for tax exempt organizations with gross receipts exceeding $1 million. For SEIU the formula amounts are $100 per day and a $50,000 ceiling, for Oak Street, $20 per day, and a $10,000 ceiling. Because the formula yields $63,500 for SEIU's 635 day delay, the union got the benefit of the $50,000 ceiling. Oak Street owed $2,460 for its 123 day delay, so the ceiling did not apply.[12] The statute uses mandatory language in all respects, leaving the IRS no discretion in deciding how much of a penalty to impose.

---

[10]See Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028-29 (9th Cir. 2001).

[11]26 U.S.C. § 6652(c)(1)(A).

[12]Oak Street's gross receipts for the year were $240,000, 5% of which is $12,000.

Here is the language:

**(c) Returns by exempt organizations and by certain trusts**.

> **(1) Annual returns under section 6033(a)(1) or 6012(a)(6).**
>
> > **(A) Penalty on organization.**
> >
> > In the case of—
> >
> > (i) a failure to file a return required under section 6033(a)(1) (relating to returns by exempt organizations) . . . on the date and in the manner prescribed therefor (determined with regard to any extension of time for filing), or . . .
> >
> > . . .
> >
> > **there shall be paid by the exempt organization $20 for each day during which such failure continues**. The maximum penalty under this subparagraph on failures with respect to any 1 return shall not exceed the lesser of $10,000 or 5 percent of the gross receipts of the organization for the year. In the case of an organization having gross receipts exceeding $1,000,000 for any year, with respect to the return required under section 6033(a)(1) . . . for such year, the first sentence of this subparagraph shall be applied by substituting "$100" for "$20" and, in lieu of applying the second sentence of this subparagraph, the maximum penalty

under this subparagraph shall not exceed $50,000.[13]

"There shall be paid $X" is language commanding a statutorily required amount. This language does not confer on the agency discretion to decide how much ought to be paid. "The word 'shall' is ordinarily 'The language of command.' "[14]

**[2]** The penalty set by § 6652(c)(1)(A) is "either fully enforceable or fully unenforceable."[15] A tax exempt organization may avoid the penalty if they actually filed their return on time or the reasonable cause exception applies.[16] The reasonable cause exception provides that "[n]o penalty shall be imposed under this subsection with respect to any failure if it is shown that such failure is due to reasonable cause."[17] The reasonable cause exception supports the IRS's all-or-nothing interpretation, because it says "no penalty," not a reduced penalty.[18]

The Eleventh Circuit reads the analogous statutory provision for individuals[19] the same way we read the language for

---

[13]26 U.S.C. § 6652(c)(1)(A) (emphasis added).

[14]*Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935)); *see also Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("Congress used 'shall' to impose discretionless obligations"); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall,' . . . normally creates an obligation impervious to judicial discretion.").

[15]*See United States v. Sanford (In re Sanford)*, 979 F.2d 1511, 1513 (11th Cir. 1992); *see also McMahan v. Comm'r*, 114 F.3d 366, 368 (2d Cir. 1997).

[16]26 U.S.C. § 6652(c)(4).

[17]*Id.*

[18]*Id.*; *cf. United States v. Boyle*, 469 U.S. 241, 245 (1984) (describing "reasonable cause" as a way "[t]o escape the penalty" for filing a tax return late).

[19]26 U.S.C. § 6651(a)(1)-(2).

tax exempt organizations.[20] "Reducing the amount of these penalties would supplant Congress' determination of the proper amount of penalty, as set forth in the statutory formulas."[21] Likewise the Second Circuit.[22]

[3] The union argues that the IRS "had discretion under IRC § 6652(c)(4) to abate the late filing penalties for 'reasonable cause,'" but that is not correct. That statute too is mandatory, not discretionary. It provides that "[n]o penalty shall be imposed" if the "failure is due to reasonable cause."[23] If a nonprofit fails to file the informational return on time for reasonable cause, the IRS has no discretion whether to impose or reduce the penalty; it is flatly prohibited from imposing any penalty at all.

The union argues that "[t]he IRS has abated penalties . . . on hundreds, if not thousands, of occasions," and courts have approved the abatements, citing a Tax Court decision, *Brown v. Commissioner*.[24] We have no idea, beyond what the cited case says, whether any of the supposedly abated penalties are of the sort at issue here. The *Brown* case SEIU cites does not support its argument. Brown had not filed his tax returns or paid his personal income tax, so the IRS prepared a substitute return for him and assessed tax based on it. When he subsequently filed and showed that his income was less than had been attributed to him, the IRS abated the tax on his personal income (not the penalty for late filing of a nonprofit's informational return) to bring the tax into accord with what he actually owed on the income he had actually earned.[25] That is

---

[20]*Sanford*, 979 F.2d at 1513.

[21]*Id.*

[22]*McMahan*, 114 F.3d at 368 ("A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect.").

[23]26 U.S.C. § 6652(c)(4).

[24]*Brown v. Comm'r*, 85 T.C.M. (CCH) 1015 (2003).

[25]*Id.* at *1.

not partial reduction of a penalty, just more accurate determination of tax due. Some penalties are discretionary, but the union has not pointed to any decision by any court that holds that the penalty at issue here, the § 6652 penalty on nonprofits for late filing of informational returns, is discretionary or may be reduced in the discretion of the IRS or a reviewing court.

The district court cited two cases for the proposition that the appeals officer and the district court had discretion to reduce the penalty, *Dixon v Commissioner*[26] and *Schikore v. BankAmerica*.[27] They are too remote from the issues in this case to be of much use. *Dixon* holds that a pattern of government misconduct amounted to a fraud on the court, so no showing of prejudice was necessary to granting taxpayers relief.[28] There is no pattern of government misconduct or fraud on the court in the case at bar, and no late filing by a nonprofit of its informational return in *Dixon*. Though *Dixon* holds that we have inherent power to vacate a Tax Court judgment, sanction a party for fraud on the court, and fashion an appropriate remedy, it holds these things in a context too remote from the case at bar to be of much use for resolving this case. *Schikore* holds that an ERISA retirement plan administrator abused its discretion by denying a retiree the benefit of the mailbox rule where she timely mailed in her election form but the plan did not timely receive it,[29] matters of no relevance to the case at bar.

**[4]** We do not know from the record in this case whether the SEIU and Oak Street could have achieved some reduction in their penalties by making an offer in compromise.[30] They

---

[26] *Dixon v. Comm'r*, 316 F.3d 1041 (9th Cir. 2003).

[27] *Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956 (9th Cir. 2001).

[28] 316 F.3d at 1046-47.

[29] 269 F.3d at 961.

[30] *See* 26 U.S.C. § 7122; 26 C.F.R. § 301.7122-1(a)(2) ("An agreement to compromise may relate to a civil or criminal liability for taxes, interest, or penalties.").

made none. Without a compromise, neither the words of the applicable penalty statute, nor the cases construing it, furnish any basis for discretionary reduction of the penalty. Congress may have written the statute with so little give to let nonprofits know they could expect no breaks if they filed their informational returns late, or to prevent those adjudicating claims from showing more lenience toward nonprofits they liked, or for some other reason, but regardless, that is what Congress did. Under the statute, there is no task for the agency or the court to perform, in the absence of reasonable cause for the failure to file, except simple arithmetic.

**[5]** The government contends that the district court lacked authority to enter a money judgment, and should have treated the case as an appeal. The district court's jurisdiction is indeed over the taxpayer's "appeal," and SEIU does not contest the government's position, contending only that the judgment could have been fashioned differently. Because the SEIU does not contest this position, and the merits are now fully resolved, we need not explicate the matter, and there is nothing left for the district court to do on remand but affirm. SEIU cross appeals the district court's denial of costs in its favor. Its theory is that it was entitled to be treated as a prevailing party because it won a reduction in penalties, and the burden was on the government to prove that its position was substantially justified if it was to avoid costs.[31] Since we reverse the reduction in penalties, the claim for costs as a partially prevailing party is moot.

The reduction in penalties in 07-17256 is **REVERSED.** The denial of costs in 08-16105 is **AFFIRMED.**

---

[31]SEIU relies on 26 U.S.C. § 7430.